CHICAGO—FIRST DISTRICT—DECEMBER, 1918.     25

Elgin, Joliet & Eastern Ry. Co. v. Rockwell Lime Co., 213 Ill. App. 25.

# Elgin, Joliet & Eastern Railway Company, Appellant, v. Rockwell Lime Company, Appellee.

## Gen. No. 24,001.

1. COMMERCE, § 5*—*what is effect of Interstate Commerce Act.* The Interstate Commerce Act has superseded all State laws and regulations upon the same subject.

2. CARRIERS—*what law governs recovery by interstate carrier of demurrage and other charges against consignee.* The law applicable to an action by a carrier of interstate commerce against a consignee to recover demurrage, switching charges and customs fees, alleged to be due on goods transported in interstate commerce, is to be found in the Interstate Commerce Act and the decisions of the federal courts construing it.

3. CARRIERS, § 201a*—*when consignee prima facie liable for charges.* The consignee of freight is presumptively the owner and prima facie liable for transportation charges thereon, and by accepting the shipment agrees, prima facie, to pay all lawful charges.

4. CARRIERS, § 201a*—*when consignee not relieved from liability for freight charges.* That the consignee of an interstate shipment had paid the bill rendered for transportation charges and deducted such amount from the purchase price due the consignor, who thereafter went out of business, does not relieve the consignee from liability to the carrier for a balance found to be due on such charges under the proper and legal tariffs in force at the time of the carriage.

Appeal from the Municipal Court of Chicago; the Hon. LEO J. DOYLE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Reversed and judgment here with finding of facts. Opinion filed December 24, 1918.

KNAPP & CAMPBELL, for appellant; DENIS H. GRADY, of counsel.

No appearance for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The plaintiff in this case sued in the Municipal Court of Chicago for a balance alleged to be due it for freight demurrage, switching charges and custom fees on a shipment of wooden laths from Enderby, British Columbia to South Chicago. The facts are stipulated. It is agreed that the plaintiff and transportation companies named are common carriers engaged in interstate commerce, and are subject to the provisions of the act to regulate commerce and acts amendatory thereof and supplementary thereto; that the plaintiff is subject to the rules of the Interstate Commerce Commission and the Public Utilities Commission of the State of Illinois; that the shipment on which transportation charges accrued was shipped from Enderby, British Columbia, about August 10, 1914, by the Alliance Lumber Company; that the original consignee was F. W. Duttweiler Company, Joliet, Illinois; that the shipment was reconsigned to John Brennan & Company, Chicago, Illinois; that the authority for such reconsignment is the Elgin, Joliet & Eastern Railway Company; that the lath was sold by John Brennan & Company to the Rockwell Lime Company f. o. b. cars private tracks of the Rockwell Lime Company, September 21, 1914; that John Brennan & Company reconsigned the car to the Rockwell Lime Company; that the Elgin, Joliet & Eastern Railway Company, through its agent at South Chicago, Illinois, presented a bill for $224.32 for transportation charges to John Brennan & Company, who referred it to the Rockwell Lime Company, by whom it was paid October 9, 1914, to plaintiff, and the Rockwell Lime Company deducted the amount paid for the transportation charges from the purchase price of the lumber. After so collecting, plaintiff's agent discovered he made an error in stating the charges and claimed the balance due. In the meantime, the Alliance Lumber Company went out of business and it was no longer possible to recover from it the bal-

ance claimed. The proper and legal charge, according to the proper and legal tariffs then in force, was $55.03 more than the amount collected, and it is agreed that, if anything is due, said $55.03 is the correct amount. The bill for unpaid charges was presented to defendant by plaintiff in November, 1916. It refused to pay.

The case was tried by the court without a jury. The finding was for the defendant upon the stipulated facts and judgment entered thereon. The law applicable to this case must be found in the Interstate Commerce Act and the decisions of the United States courts construing it. That legislation has superseded all State laws and regulations upon the same subject. *Gamble-Robinson Commission Co. v. Union Pac. R. Co.*, 262 Ill. 400. We regret appellee has not seen fit to appear or file any brief in support of the judgment entered. The authorities cited by appellant indicate that the law on the subject is well settled. The consignee is presumptively the owner of the goods and prima facie liable for the payment of transportation charges thereon. The ordinary contract of the carrier is to deliver the goods to the consignee, or his assigns "he or they paying freight," and whoever accepts the goods under such circumstances is liable for the charges. Hutchinson on Carriers (3rd Ed.), secs. 807, 808. It seems that by accepting the shipment the consignee, prima facie at least, agrees to pay all lawful charges.

In *Union Pac. R. Co. v. American Smelting & Refining Co.*, 202 Fed. 720, the court said:

"The reason for this rule is that the consignee accepts the goods with knowledge that the carrier looks to him for payment of the transportation charges and waives his lien for them by delivery in reliance upon the consignee's implied promise, evidenced by his acceptance of the goods, that he will pay the charges. But this reason exists in all its force, in the absence of a bill of lading, wherever the consignee accepts the

goods knowing that the carrier looks to him for payment, waives his lien and delivers the goods in the faith that he will pay the charges.''

In *Frontier S. S. Co. v. Central Coal Co.*, 234 Fed. 30, the court quotes the rule laid down in *Hatch v. Tucker, Swan & Co.*, 12 R. I. 501:

''The weight of authority, therefore, seems to be that where there is a bill of lading, and the acceptance by the consignee is proven and unexplained, the law will imply a promise to pay freight.''

The evidence in that case was held sufficient to rebut the prima facie case made by proof of the acceptance of the goods by the consignee. It was held that the facts showed that the goods were released without any intention of holding the consignee for the freight charges. We find no facts in the stipulation upon which the instant case was tried which would rebut the presumption that by accepting the goods the defendant agreed to pay the transportation charges. In the absence of such evidence, appellee was liable and the extent of its liability must be as set forth in *Louisville & N. R. Co. v. Maxwell*, 237 U. S. 94:

''Under the Interstate Commerce Act, the rate of the carrier duly filed is the only lawful charge. Deviation from it is not permitted upon any pretext. Shippers and travelers are charged with notice of it, and they as well as the carrier must abide by it, unless it is found by the commission to be unreasonable. Ignorance or misquotation of rates is not an excuse for paying or charging either less or more than the rate filed. This rule is undeniably strict, and it obviously may work hardship in some cases, but it embodies the policy which has been adopted by Congress in the regulation of interstate commerce in order to prevent unjust discrimination.''

*Alabama Great Southern R. Co. v. George H. McFadden & Bros.*, 232 Fed. 1000; *Pennsylvania R. Co. v. Titus*, 78 N. Y. Misc. 347, 138 N. Y. Supp. 325. It has even been held that the failure to post or the quotation of an erroneous rate by the agent of the car-

rier will not permit deviation from this rule. *Illinois Cent. R. Co. v. Henderson Elevator Co.*, 226 U. S. 441.

The court erred in finding for the defendant and entering judgment thereon. It should have found for the plaintiff and entered judgment for the stipulated amount. This will be done here.

*Reversed with judgment here with finding of facts.*

Finding of facts. We find as facts that the defendant, Rockwell Lime Company, a corporation, was the consignee of the goods described in the statement of facts herein; that said goods moved in interstate commerce; that on the 9th of October, appellee, as consignee, paid freight charges thereon amounting to the sum of $224.32; that the lawful rates and charges as prescribed by the Interstate Commerce Commission at that time were $279.35; that there is a balance due from appellee to appellant on account of said charges of $55.03.