NEW YORK CENTRAL & HUDSON RIVER RAIL-
ROAD COMPANY *v.* YORK & WHITNEY COM-
PANY.

YORK &. WHITNEY COMPANY *v.* NEW YORK
CENTRAL & HUDSON RIVER RAILROAD
COMPANY.

ERROR AND CERTIORARI TO THE SUPERIOR COURT OF THE
STATE OF MASSACHUSETTS.

Nos. 280, 281. Argued April 22, 1921.—Decided May 16, 1921.

Interstate shipments of perishable freight were consigned, subject to
lawful charges, to a commission merchant, which paid the charges
demanded by the terminal carrier, accepted the freight, sold it and
remitted the net proceeds to the consignors, without having pos-
session of the bills of lading or knowledge of their terms and con-
ditions. By mistake of the carrier, the charges collected were less
than the lawful rates established under the Interstate Commerce
Act. *Held*, that the commission merchant was liable for the balance,
irrespective of contract and as a matter of law. P. 408. *Pittsburgh,
Cincinnati, Chicago & St. Louis Ry. Co. v. Fink*, 250 U. S. 577.
230 Massachusetts, 206, reversed in part and affirmed in part.

THE case is stated in the opinion.

*Mr. William L. Parsons* for New York Central &
Hudson River Railroad Co.

*Mr. Amos L. Taylor* for York & Whitney Co.

MR. JUSTICE McREYNOLDS delivered the opinion of
the court.

Neither party was wholly successful in the courts be-
low. 230 Massachusetts, 206, (May 24, 1918). Each has

asked and obtained a writ of error and also a writ of certiorari. The latter properly bring the issues before us, and the former must be dismissed.

The Railroad Company as terminal carrier sued York & Whitney Company, a commission merchant, to recover the balance claimed for freight and refrigeration on nine carloads of melons, vegetables and fruit consigned to the latter, subject to lawful charges, and delivered at Boston during the years 1911 and 1912. They were shipped in interstate commerce upon straight bills of lading approved as to form by the Interstate Commerce Commission, but none of these came into the consignee's possession and it had no knowledge of their issuance or terms.

When York & Whitney Company accepted the cars it paid all charges claimed. The merchandise was sold at once and the net proceeds remitted to the shippers. Later, the Railroad Company discovered that it had collected less than lawful rates established under the Interstate Commerce Act, and thereupon demanded the balance alleged to be due by reason of such undercharges. Maintaining it had accepted the shipments upon the understanding that the charges were as reported, and had not agreed to pay more, York & Whitney Company refused the demand.

Commission merchants often receive from strangers shipments of perishable articles for sale at market prices. Under a trade custom such things are promptly disposed of and the net proceeds remitted to the consignors. Successful conduct of the business requires prompt settlements. The court below held that whether York & Whitney Company impliedly agreed to pay the rates imposed by law was a question of fact to be determined upon consideration of all the circumstances. It accordingly approved a judgment, entered upon a verdict, favorable to that company as to charges upon one car-

load (No. 280), and in behalf of the Railroad for those claimed on account of eight carloads (No. 281).

We think the doctrine announced in *Pittsburgh, Cincinnati, Chicago & St Louis Ry. Co.* v. *Fink*, 250 U. S. 577, (November 10, 1919), is controlling, and that the liability of York & Whitney Company was a question of law. The transaction between the parties amounted to an assumption by the consignee to pay the only lawful rate it had the right to pay or the carrier the right to charge. The consignee could not escape the liability imposed by law through any contract with the carrier.

The judgment of the court below so far as challenged in No. 280 must be *reversed* and the cause remanded for further proceedings not inconsistent with this opinion.

The judgment so far as challenged in No. 281 is

*Affirmed.*