No. 752

EDWARDS v. McCLELLAN et al

No. 18813. Supreme Court

Pending in Supreme Court on motion to direct Cuyahoga Appeals to certify record. Docketed Nov. 5, 1924. 2 Abs. 690.

**757. MEDICINE AND SURGERY—Was physician properly removed from practice?**

Edwards was convicted in Cuyahoga Common Pleas for violating the postal laws and while he was serving his sentence charges were filed against him, and the State Medical Board revoked his license to practice medicine. He appealed to the Common Pleas, and prosecuted error to the Court of Appeals. The latter sustained the Common Pleas. Its opinion is published in this issue of the Abstract.

Edwards then prosecuted error. The contentions of the accused before the Supreme Court are:

1. Is 1275 GC. unconstitutional for the reason that it is retroactive?

2. Was 1275 GC. improperly applied to the facts in the case?

3. Can the possibilities of irreparable injury in a given case be taken into consideration in the determination of whether the proper course is pursued?

Attorneys—Crosser, Bishop & Blythin, Cleveland, for Edwards; C. C. Crabbe, Atty. Gen., Columbus, and David E. Green, Cleveland, for State Board.

No. 753

C. C. C. & ST. L. RY. CO. v. McKENZIE

LUMBER CO.

No. 18601. Supreme Court

Pending on motion to direct Delaware Appeals to certify; docketed may 21, 1924. 2 Abs. 356.

**991. RAILROADS—Freight and transportation charges on interstate shipments.**

The Railway Company seeks to reverse the judgment of the Court of Appeals, affirming the Common Pleas, which held that it cannot recover certain freight charges accruing upon a shipment of lumber accepted and retained by the Lumber Co. The grounds of the motion of the Railway Co. are as follows:

It is important from the standpoint of the railroads of the state and of the United States, and also of the shipping public in that if the decision of the Court of Appeals is allowed to stand it will change the present rule of law, as to the liability of the consignees for freight and transportation charges on state and interstate shipments.

It will likewise permit common carriers to avoid collecting their tariff charges on such shipments and thus permit them to discriminate in favor of certain shippers and against the public generally.

Its decision is contrary to the decisions of various state and federal courts and particularly in conflict with the decision of the United States Supreme Court in Fink v. P. C. C. & St. L. Ry., 250 U. S. 577, and York & Whitney v. N. Y. H. & H. RR. 256 U. S. 406.

The right and duty of plaintiff in error to enforce against the defendant in error, the consignee of an interstate shipment of lumber, the proper tariff rates and charges for such shipment.

The liability of the defendant in error, a consignee of an interstate shipment of lumber, accepted and retained by it, to pay the proper tariff charges for such shipment.

Attorneys—R. C. Porter, Cincinnati, for Railroad Co.; Marriott, Freshwater, Wickham & Marriott, for Lumber Co.

TENNANT FINANCE CORP. v. DAVIS,

Mayor, et

No. 18809. Supreme Court

Action in Mandamus, docketed Oct. 31, 1924. 2 Abs. 690.

**118. AUTOMOBILE—Mandamus by mortgagee to compel delivery of car seized under claim that it was being used in violation of liquor law.**

The following is a statement of the facts in the case:

This is an action in mandamus brought on behalf of relator, the Tennant Finance Corporation to compel defendants to deliver a certain automobile to it upon the execution of a bond, as provided in Sec. 6212-43 of the General Code of Ohio. The automobile in question was driven into a garage in the village of Arlington, and was seized by the defendants under claim that it was being used in violation of said section. No person has been arrested or convicted as being in charge of said automobile at said time and place.

The relator is the holder of a valid mortgage upon said automobile, and seeks to compel defendants to deliver the same to it in accordance with the requirements of GC. 6212-43. This action will test the adequacy of law or whether replevin, which was refused upon somewhat similar facts in Buell v. French, 24 N.P. (N.S.) 225, would be proper upon the above stated facts.

Attorneys—R. H. Roberts, Columbus, for Tennant Finance Corp.