## Illinois Central Railroad Company, Appellant, v. Sam Belson and Max Lurie, trading as Belson & Lurie, Appellees.

### Gen. No. 29,813.

1. CARRIERS—*liability of consignee accepting goods for full interstate tariff rate.* A consignee in an interstate shipment of goods who accepts such goods at the destination upon payment of less than the tariff rate on file with the Interstate Commerce Commission is liable to the carrier for the amount unpaid of the lawful freight charge, as he is presumptively the owner of the goods.

2. CARRIERS—*liability of consignee accepting goods for full legal freight rate regardless of ownership.* The fact that the consignee of an interstate shipment of goods, who accepts the goods at the destination, is not the real owner does not lessen his obligation to pay the legal tariff rate when he accepts the goods.

3. CARRIERS—*admissibility of evidence of ownership of goods in action against consignee for freight charges.* Evidence as to the alleged ownership of goods by another than the consignee in an interstate shipment was inadmissible in an action by the railroad company for the balance of the lawful freight charges, in the absence of proof of any notice to the railroad company of that fact.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. M. D. HARTIGAN, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1924. Reversed with judgment here and finding of facts. Opinion filed June 9, 1925.

H. J. DEANY and J. H. WRIGHT, for appellant; VERNON W. FOSTER, of counsel.

HIRSCH, CHAIKIN & BLOCH, for appellees.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

Plaintiff sued defendants to recover a balance due it for freight charges and war tax on an interstate shipment of 240 barrels of potatoes from Comfort, North Carolina, to Chicago, consigned to the defendants. Plaintiff proved that the shipment was transported by the plaintiff and its connecting carriers from Comfort, North Carolina, to Chicago, and was delivered to defendants as consignees, who signed a receipt for the same and paid the charges, then demanded, of $268.22, instead of $349.30, the amount actually due under the tariff rate then on file with the Interstate Commerce Commission, thereby leaving a balance due of $81.08; and that Belson & Lurie's name was on the waybill and on the original bill of lading as consignee. One of the defendants testified that he bought the carload of potatoes on the tracks and that while he paid the freight charges to the railroad company he merely advanced the amount so paid for the benefit of the real owner of the shipment, who, he testified, was the Produce Sales Company. The testimony as to defendants' alleged agency was objected to and the objection overruled. This was the only defense, and there is no evidence that the alleged agency of defendants was known to the plaintiff. Thereupon, the court found against the plaintiff, on the theory that although defendants were "ultimate" consignees, yet they were not liable for the freight charges because they were acting as agents for a third party who was the real owner of the shipment.

The finding and judgment are clearly erroneous. In *Pittsburgh, C., C. & St. L. Ry. Co. v. Fink*, 250 U. S. 577, it was held in a very similar case that a consignee in an interstate shipment of goods who accepts the same at the destination upon payment of less than the tariff rate on file with the Interstate Commerce

Commission is liable to the carrier for the amount unpaid of the lawful freight charges. The decision in that case was reaffirmed in *New York Cent. & H. River R. Co. v. York & Whitney Co.*, 256 U. S. 406. In such a shipment the consignee is presumptively the owner of the goods (*Elgin, J. & E. Ry. Co. v. Rockwell Lime Co.*, 213 Ill. App. 25), and his obligation to pay the full amount of the lawful freight charges arises from such presumptive ownership, the acceptance of the goods and the services rendered by the carrier. (*Pennsylvania R. Co. v. Titus*, 216 N. Y. 17.) The fact, if true, that the consignee is not the real owner of the goods does not lessen the obligation of the consignee to pay the legal tariff rate when he accepts the goods. (*Pittsburgh, C., C. & St. L. Ry. Co. v. Fink, supra.*) Moreover, the evidence as to the alleged ownership of the Produce Sales Company was inadmissible in the absence of proof of any notice to the railroad company of that fact.

As the trial court should have found for the plaintiff and entered judgment against the defendants for $81.08, that judgment will be entered here.

*Reversed with judgment here and a finding of facts.*

BARNES and GRIDLEY, JJ., concur.

Finding of facts. We find, as facts, that the defendants were consignees in the interstate shipment of goods described in the plaintiff's statement of claim, that defendants took delivery as such consignees and paid the charges, then demanded, of $268.22, that the lawful charges then due thereon for freight and taxes amounted to $349.30, leaving $81.08 due and unpaid.