## CHARLES A. GREENWOOD v. E. W. MURPHY AND ANOTHER.[1]

December 11, 1925.

No. 24,900.

**Contract terminable at will.**

A trilateral and entire contract, having no time stated for its duration, is terminable at will. Its renunciation by any one of the parties terminates it as to all.

See Contracts, 13 C. J. p. 605, § 630.

Action in the district court for Hennepin county. The case was tried before Bardwell, J., who dismissed the action. Plaintiff appealed from an order denying his motion for a new trial. Affirmed.

*Brady, Robertson & Bonner,* for appellant.

*Wendell Hertig* and *George H. Smith,* for respondents.

WILSON, C. J.

On March 1, 1920, plaintiff was an employe of Murphy-Travis Company, a corporation. E. W. Murphy and H. C. Travis, being the principal stockholders in the corporation, made a written contract with plaintiff in which they agreed that he should have the dividends on 100 shares of the preferred stock of the corporation, 50 shares of which were owned by each of them, while he remained such employe. No time was specified for the duration of this agreement. The parties acted under it until March 1, 1923. This action is to recover $1,000—that being the amount of dividends on this stock the following year. The case was tried to the court without a jury and findings were made in favor of defendants. Plaintiff appealed from an order denying his motion for a new trial.

The court found that on March 1, 1923, defendants duly notified plaintiff that they would no longer continue to pay plaintiff dividends and canceled the contract. Is this sustained by the evidence?

[1] Reported in 206 N. W. 405.

On that date Travis, in the absence of Murphy, told plaintiff that he, Travis, and Murphy would pay him no more dividends. He submitted to plaintiff a written contract of employment for the period of one year, signed by the corporation. Plaintiff did not sign, but said he wanted time to think it over. He was told that he could have all the time he wanted to think it over, but if he worked for Murphy-Travis Company after March 1 he was working under the proposed new agreement. He never signed it. He worked for 10 months and then left the employment. This suit followed.

It is claimed by plaintiff that Travis' attempt to terminate the contract was ineffectual, because it does not appear that Murphy authorized or joined in the cancelation. The contract was terminable at will. It was not signed by the corporation which had its own agreement of employment with plaintiff. There were three parties to it—it was a trilateral and entire contract. Its performance by any one was dependent upon performance by the other two. Any one of them was at liberty to withdraw or terminate the contract at any time. Travis' withdrawal and announcement alone that the dividends would no longer be paid was sufficient to end the contractual relation existing between them. The evidence sustains the finding. This disposes of this suit to recover the dividends. What the contract of employment was, between plaintiff and the corporation after March 1, 1923, is, for the purposes of this case, unimportant.

Affirmed.