## JAMES C. DAVIS v. A. C. ASLESEN AND ANOTHER.[1]

December 11, 1925.

No. 24,887.

**No renunciation of contract by carrier.**

1. A common carrier had possession of a shipment of freight. The owner directed its movement to a given destination. The carrier advised that it "was not in a position to do so" because of garnishment proceedings. Two days later the carrier complied with the directions. The garnishment was ineffectual. *Held* that the facts did not constitute a renunciation of the contract for shipment.

**No estoppel against carrier.**

2. The facts are insufficient to create an estoppel against the plaintiff collecting his lawful charges.

1. See Carriers, 10 C. J. p. 210, § 281 (Anno).
2. See Estoppel, 21 C. J. p. 1252, § 269.

[1]Reported in 206 N. W. 405.

Action in the municipal court of Minneapolis by agent under Transportation Act of 1920 to recover freight and other charges. The case was tried before Charles L. Smith, J., who ordered judgment in favor of plaintiff. Defendants appealed from an order denying their motion for a new trial. Affirmed.

*L. W. Crawhall,* for appellants.

*Hoke, Krause & Faegre* and *Tracy J. Peycke,* for respondent.

WILSON, C. J.

Defendants were the consignees of building equipment shipped over the Great Northern line from Grand Rapids, Minn. to Huron, S. D. to be delivered to one Shuler upon his presentation of the bill of lading which had been attached to a draft on him for the purchase price. Shuler refused to accept the shipment. Plaintiff so notified defendants and asked for instructions. On May 19 defendants directed shipment to Minneapolis. Shuler sued defendants and garnished plaintiff who advised defendants on May 23 that he was "not in a position to do so" on account of the garnishment served May 21. Upon reflection plaintiff concluded the garnishment was ineffectual to impose a lien upon the property (39 U. S. St. 542, c. 415, § 23). The shipment went forward to Minneapolis as per instructions. Upon arrival in Minneapolis defendants refused to accept the same.

This action was to recover $801.31 balance for freight, switching, demurrage, storage and war tax. Plaintiff prevailed. Defendants appealed from an order denying their alternative motion for amended findings or a new trial.

The findings of the trial court negative a refusal by plaintiff to ship to Minneapolis. This takes away the entire foundation for the claim of defendants. It was entitled to a reasonable time in which to act. A delay of two days was not unreasonable. The first available train was on May 22 and it was shipped on the second, May 24. Plaintiff's notice to defendants of the garnishment proceeding was not sufficient to constitute a renunciation of the contract. Defendants' conduct did not in any way revoke the directions to ship to

Minneapolis and it was the duty of plaintiff to comply therewith. They were in no position to demand the reshipment to Huron from Minneapolis without charge.

The law does not permit any indulgence or favors by the carriers to the shipper. C. G. W. Ry. Co. v. Schmit, 163 Minn. 194, 203 N. W. 618; N. Y. Cent. & H. R. R. Co. v. York & Whitney Co. 256 U. S. 406, 41 Sup. Ct. 509, 65 L. ed. 1016. The facts in this case are not of sufficient character or efficiency to estop plaintiff from enforcing his contractual rights.

Affirmed.