Argued December 8, 1926.
This case comes up on an appeal from the refusal of the court to enter judgment for the plaintiff for want of a sufficient affidavit of defense. The action was for a balance due for the transportation of a car load of grapes shipped by the Southern Michigan Fruit Association to Pittsburgh, Pa., which shipment was reconsigned to Philadelphia and there diverted to Reading, Pa., consigned to "West Indies Importing Company. Mr. Joe DeMarto, Reading." It is set forth in the statement of claim that the grapes were ordered by the said West Indies Company to be delivered to the defendant, he to pay all the charges; that *Page 218 
the grapes were accordingly delivered to and accepted by the said defendant who thereby became liable to pay all freight and refrigeration and other charges on the shipment; that the defendant paid the freight and icing charges from Mattewan, Michigan, to Pittsburgh, but that because of delay in forwarding the bill the freight charges from Pittsburgh to Reading were not paid and the grapes were delivered to the defendant on the payment of the charges to Pittsburgh only; as a result of which there was an underpayment of $85.65 on account of the transportation of the grapes from Michigan to Reading. The defendant alleged in the affidavit of defense that he was neither the consignor nor the consignee of the grapes, either in whole or in part for all of the route or any part of it, nor did he have any knowledge of said shipment until the car stood on the siding of the plaintiff at Reading, Pa. He also denied that the grapes were shipped from Philadelphia to Reading to "West Indies Importing Company. Joe DeMarto, Reading." It is asserted in the affidavit that an agent of the importing company called on the defendant in Reading and informed him that the company had a car load of grapes standing on the siding on the Pennsylvania Railroad at Reading and offered to sell the same to the defendant for a price to which was to be added the amount due for freight charges; that the said agent and the defendant went to the freight office of the plaintiff to ascertain the freight charge and were informed that the amount was $210.93; that the said agent asked the defendant to take the grapes at a price to which the freight was added and that the latter agreed so to do; whereupon at the request of the agent the defendant agreed to pay to the plaintiff the freight and to the Importing Company the balance, whereupon the grapes were then delivered by the railroad to the defendant. The question presented is whether on the statement and affidavit the *Page 219 
defendant occupied the same position as would a consignee or assignee on a bill of lading with respect to liability on an underpayment of transportation charges? It is the law as declared in many cases that a consignee of merchandise or one who through the assignment to him of a bill of lading receives property from a carrier thereby binds himself to the payment of the freight charges established by law: Pittsburgh C.C. St. L. Ry. Co. v. Fink, 250 U.S. 577; Penna. R.R. Co. v. Cameron et al., 280 Pa. 458; Philadelphia and Reading Ry. Co. v. Baer,56 Pa. Super. 307; Penna. R.R. Co. v. A.J. Cameron Co.,78 Pa. Super. 497. The reason for this rule is that the consignee is presumed to accept the goods with knowledge that the carrier has a lien for transportation charges which is released by delivery in reliance on the consignee's implied promise arising from his acceptance of the merchandise: Union Pacific Ry. Co. v. American Smelting and Refining Co., 202 Fed. Rep. 720. It is not necessary however that there be a bill of lading, indeed a bill of lading under the federal transportation legislation is little more than a receipt for the thing to be transported. The duty to carry and the obligation to collect the fixed rate of charge for transportation are imposed by law. That a bill of lading be assigned is not essential therefore to the transfer of the property if the owner authorize its delivery to a purchaser. In such case it is the acceptance of the merchandise from the carrier and the release of its lien which raises an implied obligation on the part of the purchaser to pay the transportation charge. The cases hearing on the subject show that the acceptance of the property from the carrier by the owner is the fact out of which the implied obligation to pay the freight charge arises. There can be no doubt that the defendant became the owner of the car load of grapes before the plaintiff made delivery, and the affidavit of defense *Page 220 
shows that he agreed to pay the freight which agreement he performed in part. Having proceeded thus far and having acquired possession of the property, we think he cannot now be heard to say that he is not responsible for the amount of the underpayment. The obligation to pay is not released by equitable considerations. It arises under an inflexible rule of law. Whether the defendant would have taken the grapes if he had known that the freight was $85.65 more than he supposed, we do not know, and it may be regarded as a hardship that he is required to pay a greater amount than he anticipated, but all persons are presumed to know the law and that the mandate of the statute is not to be avoided on considerations of solicitation or ignorance. It cannot be doubted that if the merchandise had been delivered to the defendant without the payment of the amount given by him to the plaintiff's agent, he would have been liable for that sum, and we are of the opinion that the overlooking of a part of the freight bill is not a valid defense to the present demand. On the ground therefore that it appears from the pleadings that the defendant became the owner of the property while it was in possession of the carrier, and acquired possession of it by the payment of part of the freight thereby securing a release of the lien of the plaintiff, a liability of the defendant arises to make good to the plaintiff the amount of its claim.
The judgment is therefore reversed and the record remitted to the court below with direction to enter judgment for the plaintiff, for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered. *Page 221