DARE et al. v. NEW YORK CENT. R. CO.

Circuit Court of Appeals, Second Circuit.
June 6, 1927.

No. 346.

1. Carriers ⬡⟿194—Consignee, receiving shipment, is legally bound to pay freight charges.

A consignee, who receives the goods, becomes legally bound to pay freight charges.

2. Carriers ⬡⟿35—Freight charges must coincide with rate fixed by law, notwithstanding contrary agreements between consignee and carrier.

Freight charges must coincide with the rate fixed by law, notwithstanding contractual arrangements between consignee and carrier to the contrary.

3. Carriers ⬡⟿194—Consignee's direction for carrier to collect freight from another will not relieve it from liability therefor.

Consignee's direction in order of delivery for carrier to collect freight from another is insufficient to relieve it from liability for freight charges.

4. Carriers ⬡⟿194—Defendant, loaning money to commission company, taking bills of lading indorsed in blank as security, directing delivery of shipments to vessels and collection of freight from commission company, held liable for freight on inability of railroad to collect from commission company (Bill of Lading Act, §§ 8, 31 [Comp. St. §§ 8604dd, 8604p]).

Where defendant, making loan to commission company, received as security order bills of lading covering various shipments of oats indorsed in blank by consignees, which bills of lading it delivered to carrier with instructions to deliver the oats "for our account" to vessels for export, and to collect freight charges from commission company, held, defendant occupied position of consignee, and was liable in an action at law for freight charges, which carrier was unable to collect from commission company after delivery of shipments, in view

of Bill of Lading Act, §§ 8, 31 (Comp. St. §§ 8604dd, 8604p).

In Error to the District Court of the United States for the Southern District of New York.

Action by the New York Central Railroad Company against Edward H. Dare and another, copartners trading under the name of E. H. Dare & Co. Judgment for plaintiff on stipulated facts, after waiver of jury, and defendants bring error. Affirmed.

Hendrick & Hendrick, of New York City (John H. Hendrick, of New York City, of counsel), for plaintiffs in error.

Alex S. Lyman, of New York City (William Mann, of New York City, of counsel), for defendant in error.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge. This is a suit by the railroad company, hereinafter referred to as plaintiff, against partners trading as E. H. Dare & Co., hereinafter referred to as defendants, to recover freight charges on 28 carloads of oats carried in interstate commerce over the plaintiff's rails.

The oats were shipped from Illinois and Wisconsin under order bills of lading running to various consignees in New York City. The bills of lading were indorsed in blank by the consignees and were pledged to defendants as security for money loaned by them to Brainard Commission Company. The defendants then indorsed the bills of lading and delivered them to the plaintiff, with instructions to deliver the oats "for our account" to named vessels for export. The letter of instructions stated also: "Freight and all charges collect from Brainard Commission Company." The plaintiff made delivery to the vessels as ordered, and presented freight bills to Brainard Commission Company. Finding it insolvent and unable to pay, the plaintiff demanded payment from defendants.

After the grain was received on the vessels, the shipping documents went to the defendants, and were released by them to Brainard Commission Company upon payment of the above-mentioned loan. The plaintiff had no knowledge of the relations between the defendants and the commission company. Neither plaintiff nor defendants knew that the commission company was insolvent.

[1-3] It has been authoritatively established that a consignee who receives the goods becomes legally bound to pay the freight charges. Pittsburgh, etc., Ry. Co. v. Fink, 250 U. S. 577, 40 S. Ct. 27, 63 L. Ed. 1151; L. & N. R. Co. v. Central Iron Co., 265 U. S. 59, 70, 44 S. Ct. 441, 68 L. Ed. 900. Such charges must coincide with the rate fixed by law, notwithstanding contractual arrangements between consignee and carrier to the contrary. N. Y. Cent. R. R. Co. v. York & Whitney Co., 256 U. S. 406, 41 S. Ct. 509, 65 L. Ed. 1016. Even if it be assumed that the consignee might substitute another's obligation for his own, a mere direction in the order of delivery to collect freight from another would not be sufficient. The case of N. Y. C. R. Co. v. Ross Lumber Co., 234 N. Y. 261, 137 N. E. 324, 24 A. L. R. 1160, so holds, and we concur in this view. There should be some effective substitution by novation, or otherwise, so that the new debtor would become legally bound to the carrier for freight before the consignee is freed.

[4] It is contended that the cases above mentioned are distinguishable, because in the case at bar the defendants were not consignees nor owners, but only pledgees for security. We think this difference immaterial. So far as plaintiff knew, the defendants were owners of the shipments. They held order bills of lading duly endorsed by the consignees named therein. Each bill of lading contained the provision: "The surrender of this original order bill of lading properly indorsed shall be required before the delivery of the property."

Under the terms of the Bill of Lading Act (39 Stat. 538; Comp. St. §§ 8604aaa–8604w), the carrier is justified in delivering the goods to one in possession of an order bill of lading duly indorsed, and is bound to deliver to such holder on the conditions stated in section 8 (Comp. St. § 8604dd). The act declares the order bill negotiable, and gives the person to whom it has been negotiated a direct right against the carrier (section 31 [Comp. St. § 8604p]). We see no reason why the holder should not stand in the shoes of the consignee in respect to the obligation to pay freight upon delivery of the goods to him. At least, this should be true where the carrier does not know that the holder of the endorsed bill of lading is not the owner. A delivery to the vessels upon the defendants' order and "for our account" was a delivery to the defendants. We agree with the District Court that such delivery, under the authority of the cases above cited, imposed upon them the obligation to pay the freight.

The judgment is affirmed, with costs.