## Beecher et al. v. Reading Company

*J. L. Channel,* for plaintiffs; *M. M. Burke,* for defendant.

HOUCK, J., January 7, 1935.—In February 1925, plaintiffs purchased a carload of lumber valued at $950 from Long-Bell Lumber Company, plaintiffs agreeing to pay the freight charges. On or about February 26, 1925, Long-Bell Lumber Company, as consignor, shipped the carload of lumber from Derrider, La., to plaintiffs, as consignees, at Shamokin, Pa. The ultimate carrier was the defendant corporation. On February 26, 1925, plaintiffs wrote to defendant's freight agent at Shamokin describing the car of lumber and stating: "On arrival of this car, please deliver the same to, and collect the freight charges and all additional charges from Puritan Coal Mining Co., Inc., Buck Ridge Colliery, Shamokin, Pa., via R. Co. Del'y." Defendant delivered the car to Puritan Coal Mining Company but did not collect the freight charges. The accrued freight charges due defendant and its antecedent carriers were $401.76. The plaintiffs paid this amount to defendant on February 21, 1928. Shortly after the delivery of the lumber to the Puritan Company, that company became insolvent so that plaintiffs could not recover the freight charges from it. Thereupon, plaintiffs sued defendant to recover the freight charges which plaintiffs have paid defendant. The basis of the action is that, by virtue of the said written instruction to defendant, it was obligated to deliver the lumber and to collect all charges from Puritan Coal Mining Company and that its delivery without collection of the charges was a wrongful delivery entitling plaintiffs to recover. An affidavit of defense, later followed by an amended affidavit, was filed. Plaintiffs took a rule for judgment for want of a sufficient affidavit of defense, alleging that the affidavit admits all the facts pleaded, that they are sufficient in law to support plaintiffs' claim, and that no defense on matters of law is set up in the affidavit of defense.

We may not enter judgment in plaintiffs' favor for want of a sufficient affi-

davit of defense because, under the facts stated, plaintiffs failed to state a cause of action. Ordinarily, the consignor is primarily liable for all carrying charges, and this is the rule even where the bill of lading states that the consignee will pay the charges: Collins and Timberlake v. Union Transportation Co., 10 Watts 384; Layng v. Stewart, 1 W. & S. 222, 226. The reason for the rule is that the stipulation as to the payment of freight is introduced for the benefit of the carrier and not of the consignor. Depending upon the circumstances, the carrier may collect the charges from either the consignor or the consignee and, in the absence of an express contract, there is no duty upon the carrier to collect charges from the consignee: Pennsylvania R.R. Co. v. General Crushed Stone Co., 76 Pa. Superior Ct. 186. If the consignee is the actual or presumptive owner of the goods, he may be held liable for the freight charges: Philadelphia & Reading Ry. Co. v. Baer, 56 Pa. Superior Ct. 307; Pennsylvania R. R. Co. v. Descalzi, 59 Pa. Superior Ct. 614. The liability to pay arises under an inflexible rule of law, and the obligation to pay is not released by equitable considerations: Pennsylvania R. R. Co. v. DeMarto, 90 Pa. Superior Ct. 216, 220. In the case we are considering, plaintiffs, as consignees, admit their liability under their contract with consignor to pay the freight charges, and they discharged this liability by paying the charges.

Plaintiffs, in order to recover back the money paid defendant, do not rely upon an agreement with defendant respecting the payment of the charges. They merely allege that defendant's liability arises from the fact that defendant delivered the lumber without collecting the charges from plaintiffs' nominee. Such is not the law. Where the consignee, while the car is en route, directs the carrier to deliver the shipment to a stranger to the bill of lading, he exercises an act of dominion over the subject of the shipment which constitutes an acceptance of it and renders the consignee liable for the payment of the freight: West Jersey & Seashore R. R. Co. v. Whiting Lumber Co., 71 Pa. Superior Ct. 161, 164. There, the direction to the carrier was very similar to the direction in the present case. It was: "On arrival please deliver this car to the order of N. Humphreys & Co., who will pay freight charges and unload the car." The consignee was held liable for the freight charges. Consequently, the plaintiffs were liable for the payment of the freight whether considered as consignees or whether, by virtue of the reconsignment, they are considered as consignors.

On its facts, the case at bar cannot be distinguished from New York Central R. R. Co. v. Warren Ross Lumber Co., 234 N. Y. 261, 137 N. E. 324, 24 A. L. R. 1160. The direction in that case was ". . . please deliver . . . , upon payment of freight charges." In construing this language, the New York court said: "The language used in defendant's letter was not contractual. Its effect was merely to give plaintiff [carrier] an option to demand payment from the person to whom it delivered the goods."

Further annotation on the point may be found in 78 A. L. R. 926, 929. The rule laid down in the New York case is in accord with the theory of the Pennsylvania cases cited in this opinion, and we see no reason why it should not be applied in the present case which is practically identical in its facts.

We must conclude that plaintiffs were legally liable to defendant for the payment of the freight charges; that the delivery to the Puritan Company was not wrongful; and that there is no legal basis to support plaintiffs' claim to recover the freight charges already paid. This being so, plaintiffs do not state a cause of action, and judgment may not be entered for them: Parry v. First

National Bank of Lansford, 270 Pa. 556. The rule for judgment must be discharged.

And now, January 7, 1935, plaintiffs' rule for judgment for want of a sufficient affidavit of defense is discharged.