## Acme Fast Freight, Inc., v. Heffler

*Raymond L. Shapiro* and *Wexler, Mulder & Weisman*, for plaintiff.

*Lionel B. Gumnit* and *Weisberg & Gumnit*, for defendant.

DiNUBILE, J., January 22, 1962.—This is an appeal by defendant from an order entering judgment on the pleadings in favor of plaintiff.

The complaint in assumpsit avers that plaintiff is a common carrier of freight in interstate commerce; that on May 15, 1959, plaintiff received from a consignor in St. Louis, Missouri, a shipment of goods for delivery to defendant; that the goods were delivered and accepted by defendant; that the freight charges are based upon tariffs filed with the Interstate Commerce Commission; that defendant has failed and refused to pay the freight charges.

Defendant's amended answer admits all the averments of the complaint and in new matter avers that there was no contract between plaintiff and defendant, and that before the freight was accepted from plaintiff, plaintiff's agent then and there within the scope of his employment advised defendant's agent that there were no charges due for the hauling of the freight.

Defendant's pleading was not endorsed with a notice to plead. Plaintiff filed no reply but, on August 7,

1961, filed a motion for judgment on the pleadings. Thereafter, on September 22, 1961, defendant filed a rule to show cause why she should not be permitted to file an amended answer and new matter containing a notice to plead. Defendant did not wish to change the content of the pleading previously filed but merely to correct the procedural defect.

In the view we take of this case, the new matter pleaded does not set forth a defense which relieves defendant of liability and, therefore, the procedural question is of no importance.

The Pennsylvania cases hold that in interstate shipments under the Interstate Commerce Act, the consignee is liable for freight charges if he takes possession of the goods: Baltimore and Ohio Railroad Company v. Feldbaum, 176 Pa. Superior Ct. 394; Reading Company v. Sobelman, 144 Pa. Superior Ct. 270.

In the Feldbaum case, the court said at page 398:

". . . The right of the carrier to collect freight charges from the consignee is based on an implied contract, and from the consignee's receipt and acceptance of the freight such a contract will ordinarily be implied. Phila. & Reading Ry. Co. v. International Motor Co., 84 Pa. Superior Ct. 582, 587 (1925).

"Whether demand is made upon consignee for payment at the time of delivery or not is immaterial. N. Y. C. & H. R. R. Co. v. York & Whitney Co., 256 U. S. 406, 41 S. Ct. 509, 65 L. Ed. 1016 (1920). *The obligation to pay the legal sum due arises under an inflexible rule of law and is not released by equitable considerations.* The Pa. R. R. Co. v. DeMarto, 90 Pa. Superior Ct. 216 (1926)." (Italics supplied.)

Certainly an estoppel cannot be founded on a statement by an agent of plaintiff who, "then and there" assures the "consignee" that the freight charges were paid. It is clear that the agent has no authority to bind the carrier by statements of this kind. Where the

freight charges have not been paid, the doctrine of estoppel cannot be invoked by the consignee to avoid the requirements of legislation enacted for the protection of a public interest: Scott Paper Company v. Marcallus Manufacturing Co., Inc., 326 U. S. 249.

For the foregoing reasons, judgment on the pleadings was entered in favor of plaintiff.