LUTHER E. HALL, Judge pro tem.
Plaintiff, an interstate motor freight carrier sued defendant for freight charges amounting to $828.80 allegedly earned by it for transporting certain household furniture from Ormond Beach, Florida to New Orleans, Louisiana. After an exception of no cause of action filed by defendant was overruled, trial was had on the merits resulting in a judgment for plaintiff as prayed. Defendant appealed.
Defendant contends (a) that the bill of lading, service order and freight bill referred to in the testimony below and found in the record on appeal, were never formally introduced and filed in evidence and consequently the district judged had no evidence before him to arrive at a valid decision and, (b) in the alternative, the freight charges are owed by defendant’s former employer, Titan-Tex Petroleum of Shreveport and not by him.
As to defendant's first contention we find ample evidence in the record to form a basis for the Court’s decision without recourse to the formal documents. Defendant admitted in his answer that the transportation and. services were performed by plaintiff. He further admitted in his testimony that the furniture belonged to him and that he engaged plaintiff’s services and shipped the furniture from Ormond Beach, Florida, to himself at New Orleans and that the furniture was in due course received by him in New Orleans. Plaintiff’s witness,. Mr. Sigur, testified that the freight bill amounted to $828.80 and was not paid. Actually there was nothing left for plaintiff to prove. Under the circumstances the formal documents were not necessary to plaintiff’s case.
*467 Curiously enough defendant himself would be obliged to rely on the formal documents in order to prove his defense were there any dispute about the facts as revealed by the verbal testimony.
The record shows that defendant moved to New Orleans from Ormond Beach to take a sales promotion job with Titan-Tex Petroleum. Defendant testified that on accepting the position Titan-Tex Petroleum agreed that it would pay the cost of transporting his household effects to New Orleans. He said that he then contacted plaintiff’s agent in Daytona Beach and made arrangements to ship the furniture to himself at New Orleans. He testified that he instructed plaintiff’s agent to contact a Mr. William Parker of Titan-Tex Petroleum at Shreveport and obtain authorization from him to charge the freight to that company. Defendant said that he heard no more about the authorization and assumed that when plaintiff picked up his furniture the next day that the authorization had been obtained. He further testified that when the shipment arrived at New Orleans he received and receipted for it.
It is clear from the record that plaintiff was instructed by defendant to contact Titan-Tex Petroleum and to bill them for the freight but there is no evidence that plaintiff ever contacted Titan-Tex Petroleum or promised to do so or that Titan-Tex Petroleum ever authorized plaintiff to bill them. However, the record discloses that the defendant, in shipping the property, disclosed to the plaintiff carrier that he was shipping it for the account of Titan-Tex Petroleum as principal and that plaintiff accepted the shipment on the credit of that company.
Appellant argues that under the circumstances of this case Titan-Tex Petroleum was the consignor and that that company and not the defendant is liable for the freight charges.
The law seems to be settled that a consignee who accepts delivery of a shipment from an interstate carrier renders himself liable for the freight charges regardless of whether the consignor might not also be liable.
“The authorities are generally to the effect that in any case the consignee’s acceptance of the shipment renders him prima facie liable for the freight charges by virtue of his presumed ownership.” 9 Am.Jur. Verbo “Carriers”, Sec. 624, pp. 794-5. See also 13 C.J.S. Verbo “Carriers” § 316 at page 755; Pittsburgh C., C. & St. L. Ry. Co., v. Fink, 250 U.S. 577, 40 S.Ct. 27, 63 L.Ed. 1151; Aero Mayflower Transit Company v. Rae, 203 Misc. 801, 118 N.Y.S.2d 895.
“That the consignee cannot accept delivery without incurring liability for the carrier’s charges, known or unknown, supposed to be prepaid or otherwise, and no matter what the consignee’s actual relation to the shipper is, appears a harsh rule, but it is seemingly established by authority. If by the shipper’s omission the consignee is thus made liable for a charge which as between him and the shipper should not be borne by him, his recourse is on the shipper. The carrier is not bound by their private rights in the transaction, whether known or unknown to it, nor by any mistake or misrepresentation occurring, but under the law may look to the shipper as the original contractor to pay and to the person who as consignee accepts the goods and becomes by statute liable to discharge the lien thereon until the lawful charges are satisfied.” Western & Atlantic R. Co. v. Underwood, 5 Cir., 281 F. 891.
“The general rule is that, if a consignee accepts a shipment, he becomes liable as a matter of law for the full amount of freight charges.” Louisville & N. R. Co. v. United States, 267 U.S. 395, 45 S.Ct. 233, 69 L.Ed. 678.
In accepting the shipment at New Orleans it is immaterial whether defendant *468 was acting as agent or whether he was acting for himself as owner. If he were a consignee-agent he could not escape liability under the provisions of section 323 of the Interstate Commerce Act, 49 U.S.C.A. § 323, p. 190 because he had a “beneficial title in the property”. See Aero Mayflower Transit Company v. Rae, supra.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.