BROWN TRANSPORT CORP., Respondent, *v.* UNITED MERCHANTS & MANUFACTURERS, INC., Appellant.

First Department, June 11, 1964.

304

*Julius H. Sherman* of counsel (*Stroock & Stroock & Lavan,* attorneys), for appellant.

*Harry J. Silber* for respondent.

*Per Curiam.* The question presented is whether a common carrier by motor vehicle has a cause of action for freight charges against the owner of the goods transported even though the owner had no contract or dealings with the carrier, was neither consignor nor consignee of the shipment, and the goods were not at any time diverted or reconsigned.

Defendant owner, United Merchants & Manufacturers, Inc., appeals by leave of Appellate Term from an order of that court, one Justice dissenting, reversing an order of the Civil Court of the City of New York denying plaintiff carrier's motion for summary judgment. The majority concluded that section 323 of title 49 of the United States Code (49 U. S. Stat. 565 [1935])* imposed liability on defendant owner even though

---

* The section reads as follows: "No common carrier by motor vehicle shall deliver or relinquish possession at destination of any freight transported by it in interstate or foreign commerce until all tariff rates and charges thereon have been paid, except under such rules and regulations as the Commission may from time to time prescribe to govern the settlement of all such rates and charges, including rules and regulations for weekly or monthly settlement, and to prevent unjust discrimination or undue preference or prejudice: *Provided,*

defendant owner had no contractual relationship with plaintiff carrier. Since the statute imposes no such liability, the order of Appellate Term should be reversed and plaintiff's motion for summary judgment denied, with costs in all courts.

Defendant owner paid an independent contractor, Griffin Contracting of Georgia, Inc., a lump sum to remove defendant's machinery from plants in Shelbyville, Tennessee and Newman, Georgia, to prepare the machinery for transportation, to transport or arrange to transport it to Savannah, Georgia, to pack the machinery for export, and deliver it to the piers at Savannah, Georgia. All these arrangements were made by Griffin or its agents. Defendant owner played no part whatever in making the arrangements. It made no agreements with any carrier, delivered none of the machinery, received none of the machinery, exercised no control over the shipment, and it did not sign or receive any bill of lading with respect to the shipment.

The machinery was shipped to Griffin as consignee on a collect basis. Nevertheless, plaintiff carrier delivered the machinery to Griffin at Savannah, Georgia, without first collecting the freight charges. It has collected $514.25 from Griffin, which

That the provisions of this paragraph shall not be construed to prohibit any such carrier from extending credit in connection with rates and charges on freight transported for the United States, for any department, bureau, or agency thereof, or for any State or Territory, or political subdivision thereof, or for the District of Columbia. Where any common carrier by motor vehicle is instructed by a shipper or consignor to deliver property transported by such carrier to a consignee other than the shipper or consignor, such consignee shall not be legally liable for transportation charges in respect of the transportation of such property (beyond those billed against him at the time of delivery for which he is otherwise liable) which may be found to be due after the property has been delivered to him, if the consignee (a) is an agent only and had no beneficial title in the property, and (b) prior to delivery of the property has notified the delivering carrier in writing of the fact of such agency and absence of beneficial title, and, in the case of shipment reconsigned or diverted to a point other than that specified in the original bill of lading, has also notified the delivering carrier in writing of the name and address of the beneficial owner of the property. In such cases the shipper or consignor, or, in the case of a shipment so reconsigned or diverted, the beneficial owner shall be liable for such additional charges, irrespective of any provisions to the contrary in the bill of lading or in the contract under which the shipment was made. If the consignee has given to the carrier erroneous information as to who is the beneficial owner, such consignee shall himself be liable for such additional charges, notwithstanding the foregoing provisions of this paragraph. On shipments reconsigned or diverted by an agent who has furnished the carrier with a notice of agency and the proper name and address of the beneficial owner, and where such shipments are refused or abandoned at ultimate destination, the said beneficial owner shall be liable for all legally applicable charges in connection therewith. (Feb. 4, 1887, ch. 104, pt. II, § 223, as added Aug. 9, 1935, ch. 498, 49 Stat. 565.) "

became insolvent, and seeks the unpaid balance of $4,046.42 in this action.

There is no contractual relation between plaintiff carrier and defendant owner. Under such circumstances, cases decided before addition of section 323 to the Interstate Commerce Act in 1935 stated that the owner was not liable (see *American Ry. Express Co.* v. *Mohawk Dairy Co.*, 250 Mass. 1, 9 [1924]; *Chicago, Burlington & Quincy R. R. Co.* v. *Evans, etc.*, 221 Mo. App. 757, 762 [1926]; *Central of Georgia Ry. Co.* v. *Lovell*, 111 Misc. 735, 737 [Mun. Ct. of City of N. Y., 1919]). There appear to be no cases in point since the section was added. Plaintiff has cited no authority imposing liability on an owner of shipped goods merely because it is owner.

Plaintiff concedes that the language of section 323 does not expressly impose such liability. The concession is well taken. The section imposes noncontractual liability on the beneficial owner only if the shipment is reconsigned or diverted and the consignee gives the delivery carrier a written notice prior to delivery. The notice must state that the consignee is an agent only having no beneficial interest in the property and give the name and address of the beneficial owner. It is conceded that there was no reconsignment or diversion and there is no evidence of the giving of the requisite written notice before delivery of the machinery.

Accordingly, the order of Appellate Term should be reversed, on the law, and plaintiff's motion for summary judgment denied, with costs in all courts to defendant-appellant.

BREITEL, J. P., VALENTE, MCNALLY, STEVENS and STEUER, JJ., concur.

Order of the Appellate Term unanimously reversed, on the law, with costs to the appellant in this court and in the Appellate Term, and plaintiff's motion for summary judgment denied, with costs.