NATIONAL VAN LINES, INC., Appellant v. HERBERT, Respondent

(140 N.W.2d 36)

(File No. 10204. Opinion filed February 16, 1966)

**John E. Burke** and **Richard Hopewell,** Sioux Falls, for plaintiff and appellant.

**Robert L. O'Connor,** Sioux Falls, for defendant and respondent.

RENTTO, P. J. Plaintiff, an interstate common carrier of freight by motor vehicle, instituted this action to recover from the defendant freight charges in the sum of $292 which it claimed it had earned by transporting certain items of personal property and equipment owned by him from Fargo, North Dakota to Sioux Falls, South Dakota. A jury was waived and the matter submitted to the court. It entered a judgment dismissing plaintiff's complaint from which this appeal is taken.

The material facts are not in dispute. Prior to the transportation in issue the defendant had been employed by the Dejay Stores, Inc., of New York as a manager-trainee of the Kabee Store in Fargo. He lived there with his wife and two children and had in his residence the personal property and equipment, the transportation of which gives rise to this lawsuit. About January 15, 1962 he was promoted to the managership of the Kabee Store in Sioux Falls. At that time he moved to Sioux Falls, but his family continued to live in Fargo for a time thereafter.

It was the established policy of his employer under such circumstances to move the household goods of the employee being transferred. That was done in this case. Apparently the New York office of the Dejay Stores contacted the plaintiff and arranged for the packing and shipment of these goods from Fargo to Sioux Falls. The bill of lading carried the notation that the Dejay Stores were to be billed for the services rendered. It designated the defendant at his Fargo address as the shipper and at his Sioux Falls address as the consignee. The defendant had no dealings with the plaintiff for the packing or moving of the property involved.

About a month after the defendant left Fargo the plaintiff packed and moved these household goods to Sioux Falls and delivered them to defendant's residence. His wife in writing acknowledged receipt of the goods there in good condition, and that the services covered by the bill of lading were rendered. Plaintiff was unable to collect the freight bill from defendant's employer so in November of 1962, after the employer had gone into bankruptcy, it made its first effort to collect from the defendant.

Plaintiff contends that defendant is contractually liable for its freight charges and also asserts that the provisions of the Interstate Commerce Act make him liable therefor. The trial court refused to conclude that the defendant had entered into a contract with the plaintiff to transport his property as claimed and held that the federal enactment did not impose upon the defendant liability for the payment of the freight charges.

■ The trial court ruled correctly as to the claimed contractual basis of liability. Manifestly, these facts fall far short of establishing that plaintiff and defendant entered into a contract concerning the transportation here involved, but as to the statutory liability of the defendant, we think it erred.

■ The Interstate Commerce Act provides that no carrier by railroad and no express company subject to the Act shall deliver or relinquish possession at destination of any freight or express shipment transported by it until all tariff rates and charges thereon have been paid, except under such rules and regulations as the commission may from time to time prescribe to assure prompt payment of all such rates and charges and to prevent unjust discrimination. 49 U.S.C.A. § 3(2). This congressional policy of preventing unjust discrimination in rates has given rise to the general rule that the consignee of property transported in interstate commerce by acceptance of delivery makes himself liable for the transportation charges. Pittsburgh C. C. and St. L. R. Co. v. Fink, 250 U.S. 577, 40 S.Ct. 27, 63 L.Ed. 1151; N. Y. Cent. & H. R. R. Co. v. York & Whitney Co., 256 U.S. 406, 41 S.Ct. 509, 65 L.Ed. 1016; Louisville & N. R. Co. v. Central Iron & C. Co., 265 U.S. 59, 44 S.Ct. 441, 68 L.Ed. 900. See also Boston & Maine R. R. v. Hannaford Bros. Co., 144 Me. 306, 68 A.2d 1.

Concerning this rule it is written in Western & Atlantic R. Co. v. Underwood, 5 Cir., 281 F. 891, "That the consignee cannot accept delivery without incurring liability for the carrier's charges, known or unknown, supposed to be prepaid or otherwise, and no matter what the consignee's actual relation to the shipper is, appears a harsh rule, but is seemingly established by authority." Obviously, it honors congressional policy rather than considerations of equity.

A provision of similar import is applicable to common carriers by motor vehicle. 49 U.S.C.A. § 323. The effect of these provisions is stated in the following terse language in 13 Am.Jur.-2d, Carriers, § 473:

"The Interstate Commerce Act provides that no railroad or motor carrier may deliver any freight until all tariff rates and charges thereon have been paid. This Act imposes upon the consignee who accepts the shipment the liability for the payment of freight and other charges without regard to any contract, and even though the consignee may have relied upon a promise made by a third party to pay for all such charges."

See also 13 C.J.S. Carriers § 316. Other authorities applying this rule to freight carried by motor vehicle are Pyramid Nat. Van Lines v. Goetze, D.C.Mun.App., 65 A.2d 595; Aero Mayflower Transit Co., Inc., v. Hankey, La., 148 So.2d 465; and Aero Mayflower Transit Co. v. Rae, 203 Misc. 801, 118 N.Y.S.2d 895.

Accordingly, we feel compelled to hold that the defendant by virtue of the Interstate Commerce Act is liable for these charges. The case of Brown Transport Corp. v. United Merchants and Manufacturers, Inc., 21 A.D.2d 303, 250 N.Y.S.2d 440, strongly relied on by the defendant, is not contrary to the quoted rule. In that case defendant was not the consignee of the shipment and did not receive the goods transported.

Reversed.

ROBERTS and HOMEYER, JJ., concur.

HANSON and BIEGELMEIER, Judges (dissenting).

Plaintiff failed to prove facts sufficient to permit a recovery and the judgment appealed from should be affirmed.