James F. BANTON, Plaintiff,

v.

SCHROEDER MOVING SYSTEMS, INC., Defendant.

UNITED VAN LINES, INC., Intervenor/Counterclaimant, Third Party Plaintiff,

v.

Susan A. BANTON, Third Party Defendant.

Civ. A. No. 91–C–206.

United States District Court, E.D. Wisconsin.

May 19, 1993.

See also 827 F.Supp. 1388.

James Vollmar, Waukesha, WI, for plaintiff.

Daniel Ryan, Hinshaw & Culbertson, Chicago, IL, for defendant.

## ORDER

EVANS, Chief Judge.

United Van Lines has moved for summary judgment against Susan Banton.

James Banton filed this action against Schroeder Moving Systems for a declaratory judgment as to who is responsible for payment of tariff charges arising out of the shipment of household goods owned by Mr. Banton and his wife Susan. United Van Lines intervened in the case as the real party-in-interest. United filed a counterclaim against James Banton and, contending that the Bantons are jointly and severally liable, a third party complaint against Susan Banton.

Prior to obtaining service on Susan Banton, United filed a motion for summary judgment against James Banton. On September 28, 1992, judgment was entered in favor of United and against Mr. Banton for $15,635.25 plus costs. United now seeks judgment against Susan Banton. The undisputed facts are set forth in my decision of September 28, 1992. I will briefly repeat the pertinent facts and the additional fact or two which relates to the claim against Susan Banton.

United Van Lines and Schroeder Moving Systems, Inc. are interstate motor carriers of household goods and personal property. They act under the authority of the Interstate Commerce Act. Schroeder, as an agent of United, moved the Bantons' household goods on June 27 through July 1, 1990, from Mountain Brook, Alabama to Neenah, Wisconsin. At that time, Mr. Banton was president of a company called Kurz & Root Company, located in Appleton, Wisconsin. The company has since gone bankrupt.

However, prior to the move, Mr. Banton wrote to a representative of Schroeder authorizing the move. The letter was on Kurz & Root stationery and was signed by Mr. Banton as president of the company. The letter set out the dates of the move and stated: "This will be paid for by Kurz & Root Company and all billings should be done directly to them."

The goods were shipped pursuant to a uniform household goods bill of lading and freight bill. The transportation charges for the move amounted to $15,635.25.

The bill of lading listed James Banton as the "shipper" and as the "consignee." It listed Kurz & Root on the line printed "COMPANY (associated with)." The form contains three signatures, one of which is that of the driver of the truck. The other two are the Bantons' signatures. Susan A. Banton signed the "valuation" section of the form on June 27, 1990. James Banton signed the "delivery acknowledgment" on July 1, 1990.

Pursuant to the Interstate Commerce Commission Household Goods Tariff, Section 1, Item 43, the back of the bill of lading contains the following information:

(a) The shipper, upon tender of the shipment to carrier, and the consignee, upon acceptance of delivery of shipment from carrier, shall be liable, jointly and severally, for all unpaid charges payable on account of a shipment in accordance with applicable tariffs including, but not limited to, sums advanced or disbursed by a carrier on account of such shipment. The extension of credit to either shipper or consignee for such unpaid charges shall not thereby discharge the obligation of the other party to pay such charges in the event the party to whom credit has been extended shall fail to pay such charges.

In addition, paragraph 3 on the front of the bill of lading provides:

If credit is extended by the carrier by agreeing to bill an employer or other party, and in the event that any or all of the charges are not paid, the owner of the goods and/or beneficiary of the services acknowledges he remains primarily liable for payment.

After the goods arrived in Neenah, and after Susan Banton arrived there as well, she requested additional moving services from Schroeder, and the services were performed.

 As I decided in the motion against Mr. Banton, the terms of the bill of lading must control the action. Susan Banton admits that United provided services for the interstate transportation of their household goods, and she acknowledges that she executed the bill of lading. The provisions of the bill of lading indicate that the owners of the goods or the beneficiaries of the services are primarily liable for payment. The fact that Kurz & Root had agreed with the Bantons to move their goods is not controlling. It has long been the law that the consignee remains primarily liable for the transportation charges, notwithstanding any agreement that she may have had with a third party for the payment of such charges. *See, e.g., National Van Lines, Inc. v. Herbert,* 81 S.D. 633; 140 N.W.2d 36 (1966); *Pittsburgh C.C.*

*& St.L. R. Co. v. Fink,* 250 U.S. 577, 40 S.Ct. 27, 63 L.Ed. 1151 (1919).

In addition, the United States Supreme Court has recently decided that the Interstate Commerce Commission dictates how tariffs must be handled and the limited circumstances under which rates can be negotiated. *See Maislin Industries, U.S., Inc. v. Primary Steel, Inc.,* 497 U.S. 116, 110 S.Ct. 2759, 111 L.Ed.2d 94 (1990). Under the terms of the bill of lading in this case, Susan Banton is responsible for the shipping charges.

IT IS THEREFORE ORDERED that summary judgment is GRANTED against Susan Banton in the amount of $15,635.25, plus costs.

IT IS FURTHER ORDERED that the clerk is instructed to enter judgment against James F. Banton and Susan A. Banton jointly and severally in the amount of $15,635.25, plus costs.