[Civ. No. 25153. Second Dist., Div. Two. June 29, 1961.]

SALLY FORREST, Respondent, v. HOTEL CONQUISTA-
DOR, INC. (a Corporation) et al., Appellants.

Leo K. Gold and Jacques Leslie for Appellants.

Ward, Ryan, Heyler & Traxler and Charles A. Druten for Respondent.

ASHBURN, J.—This is an appeal by defendants Hotel Conquistador, Inc., and T. M. Schimberg, from a judgment entered pursuant to an order confirming an award of arbitrators. Appellants' major contention is that the arbitrators were without jurisdiction because the contract between the parties required the arbitration to be conducted by American Guild of Variety Artists but this one was held by American Arbitration Association over the objection of appellants.

On January 7, 1958, respondent Sally Forrest entered into a written contract with appellants whereby she was engaged as a performer at the Hotel Tropicana in Las Vegas, Nevada, for a period of four weeks at $3,500 per week. This was an "AGVA Standard Form of Artists Engagement Contract." AGVA is an abbreviation of American Guild of Variety Artists, a voluntary association organized under the laws of the State of New York whose membership consists of actors, singers, dancers and other performers in the variety fields of entertainment. This agreement provides in paragraph 10: "The Employer and the Artist hereby jointly and severally agree that any and all controversies or claims arising out of or relating to this contract or the breach thereof shall be settled by arbitration, in accordance with the rules then obtaining of the American Arbitration Association (except as may otherwise be provided in the AGVA Rules), and judgment upon the award rendered may be entered in the highest court of the forum, state or federal, having jurisdiction. . . ."

On September 4, 1958, Sally Forrest signed an AGVA "Complaint Form" with reference to the contract with appellants, which complaint among other things authorized AGVA to take such steps as it might deem necessary to settle the

complaint and to protect her rights thereunder including, if necessary, the institution of arbitration proceedings on her behalf. But AGVA took no steps whatever to bring about an arbitration.

On December 19, 1958, Sally Forrest filed with the American Arbitration Association (hereinafter referred to as AAA) her demand for arbitration. This demand contained the following: "Claimant requests that the hearing of this arbitration be held in the Los Angeles area." By letter dated December 23, 1958, the Tribunal Clerk of the AAA advised appellants of the demand of Forrest and also stated: "The contract does not designate the locality where the Arbitration is to be held. The claimant in her demand has requested it be held in the Los Angeles area. The attention of Hotel Conquistador is called to Section 10 of the Rules, herewith enclosed. Unless we hear to the contrary within the prescribed time, the hearing will be held as requested and a list of Arbitrators from this area will go forth from which you may indicate your preference." Section 10 of the Commercial Rules of the AAA provides in part: "In the event . . . that any party requests that the hearing be held in a specific locale and the other party files no objection thereto, within seven days after notice of the request, the locale shall be that requested by the party."

Time for Conquistador and Schimberg to file an answer to the demand for arbitration having been extended, same was received by AAA on January 22, 1959. This answer admits the making of the contract and alleges in effect that respondent breached the same. No objection or reference of any kind was made to respondent's request for hearing in the Los Angeles area.

On January 23 the AAA transmitted to the parties identical lists of persons from which three arbitrators were to be selected in accordance with section 12 of its rules,[1] each party

[1]"Section 12. APPOINTMENT FROM PANELS—If the parties have not appointed an Arbitrator and have not provided any other method of appointment, the Arbitrator shall be appointed in the following manner: Immediately after the filing of the Submission or copy of a Demand, as required under Rule III, the Tribunal Clerk shall submit simultaneously to each party to the dispute, an identical list of names of persons chosen from the Panels. Each party to the dispute shall have seven days from the date of mailing of such lists in which to examine said list, cross off any names to which he objects and number the remaining names indicating the order of his preference, and return the list to the Tribunal Clerk. When any party or both parties fail to return the list within the time specified all persons named therein shall be deemed acceptable. From among the persons who have been approved on both lists, and in

being instructed to cross off any names to which they objected and to return the list on or before January 30 to the Tribunal Clerk, who would select three arbitrators from those names remaining on the list. The parties were advised that "Unless this List is received by the Tribunal Clerk within the time specified, all persons named herein shall be deemed acceptable. . . . If the Parties fail to agree upon any of the names, . . . or if for any other reason the appointment cannot be made from the submitted list, the Administrator is authorized to make the appointment from other members of the Panels pursuant to Rule IV." Sally Forrest returned her selection on January 29, 1959. Appellants did not return the list but, rather, on January 28, by a document entitled "Objection to Selection of Arbitrators and Supplemental Answer" made their objection to the entire list of arbitrators submitted for the reason that "said list contains persons solely from the Los Angeles area. As the contract in dispute was executed in Nevada, was to be performed in Nevada and is subject to Nevada law, Hotel Conquistador, Inc. objects to the entire list." It is also asserted that the AAA did not comply with its section 12 requiring it to transmit the list "immediately after the filing of the . . . Demand," thus it was not fully informed when its answer was filed, and request was made that the hearing be held in the Las Vegas area. On January 30 the Tribunal Clerk ruled that appellants' objection to the locale was not timely, but "To afford the Hotel Conquistador full opportunity to participate in the selection of Arbitrators, the Administrator by authority of Section 38 of the Rules is herewith extending the time for the return of the list to seven days from this date." Appellants did not return the list but, on or about February 6, renewed their objection to the entire list of arbitrators. On February 13, the Tribunal Clerk advised appellants: "The selection of the locale and the submission of lists of arbitrators was all done in strict conformity with our Rules and procedures. Hotel Conquistador had notice of and ample opportunity to make known its position regarding both locale and the complexion of the Board, and failed to do so in timely fashion as required by

accordance with the designated order of mutual preference if any, the Tribunal Clerk shall invite the acceptance of an Arbitrator to serve. If the parties fail to agree upon any of the persons named or if those named decline or are unable to act, or if for any other reason the appointment cannot be made from the submitted lists, the Administrator shall have power to make the appointment from other members of the Panels without the submission of any additional lists."

our Rules and procedures. The locale and list stand as determined and submitted unless both parties to the proceeding agree otherwise.''

The AAA selected three arbitrators from the six selected on the list returned by Sally Forrest. An arbitration hearing was had on November 11, 1959, resulting in an award in favor of respondent in the sum of $14,455. This award was confirmed and the appeal is from the judgment entered thereon on June 2, 1960. Appellants' motion to vacate the award was denied.

As above stated, appellants' principal contention is that the AAA had no jurisdiction to hear and determine the dispute, their theory being that section 10 of the contract does not contemplate an arbitration *by* the AAA, i.e., using its facilities, but, rather, it provides for the arbitration to be conducted by the AGVA in accordance with the rules of the AAA, ''except as may otherwise be provided in the AGVA Rules.'' Reference is also made to paragraph 4 of the contract which provides: ''The Artist(s) and the Employer hereby jointly and severally agree that the Arist's obligations hereunder are subject . . . to AGVA's Constitution, By-Laws, Rules and Regulations as they now exist or as they may hereafter be lawfully adopted and/or amended.'' Appellants further point to the AGVA By-Laws which provide that it shall be the duty of its members ''To refer all grievances for arbitration in accordance with the rules of AGVA and to abide by the decision of the arbitrators who are properly designated to arbitrate such grievances and not to sue in any court until and unless all remedies within AGVA are exhausted''; and to rule 12 of the AGVA Rules: ''Any claims arising out of engagement contracts must be presented in writing to AGVA within (30) days after such claim shall have arisen. . . .'' Based upon these quoted provisions, it is argued that the ''By-Laws of AGVA clearly indicate that grievances for arbitration must be referred to AGVA in accordance with its rules,'' that the AGVA Rules specifically provide for arbitration; that AGVA is the only body designated as the arbitration tribunal, and consequently the AAA had no jurisdiction.

''The arbitrators' jurisdiction or authority to act is derived from, and limited by, the arbitration agreement or submission.'' (*Bierlein* v. *Johnson,* 73 Cal.App.2d 728, 733 [166 P.2d 644].) See also *Crofoot* v. *Blair Holdings Corp.,*

119 Cal.App.2d 156, 184 [260 P.2d 156]. It is the policy of the law to encourage settlement of business disputes by arbitration, and agreements that provide for arbitration should be given liberal construction in furtherance of such policy (*Solari* v. *Oneto*, 166 Cal.App.2d 145, 153 [333 P.2d 218]), and so as to give effect to the intention of the parties (*Dugan* v. *Phillips*, 77 Cal.App. 268, 278 [246 P. 566]; *Straus* v. *North Hollywood Hospital, Inc.*, 150 Cal.App.2d 306, 310 [309 P.2d 541]).

 Appellants are mistaken. The contract between the parties litigant requires arbitration "in accordance with the rules then obtaining of the American Arbitration Association (except as may otherwise be provided in the AGVA Rules)." The arbitration was actually conducted under the AAA rules with appellants participating in the hearing, and there is no good ground for attacking the award unless the exception clause of paragraph 10 of the contract became operative. Forrest was a member of AGVA and bound by its rules and regulations. The by-laws require a member "To refer all grievances for arbitration in accordance with the rules of AGVA and to abide by the decision of the arbitrators who are properly designated to arbitrate such grievances and not to sue in any court until and unless all remedies within AGVA are exhausted." They also command each member "To demand and receive AGVA contracts for all engagements. . . ." This was done; the contract is the "AGVA Standard Form of Artists Engagement Contract" and it specifically imposes upon both parties the obligation to arbitrate in accordance with the rules of the AAA unless otherwise provided in AGVA rules. The proof shows that the last-mentioned rules contain nothing which precludes arbitration by AAA or which rejects or modifies AAA procedure or is contrary to it in any way. There is no AGVA rule which sets up any procedure for arbitration by or within AGVA. It has no panel of arbitrators and no rule prescribing a method of selection of arbitrators. Aside from the by-law provision above quoted there is nothing in that document or in the constitution which bears on the subject. Manifestly, the exception clause of paragraph 10 of the contract had no field for operation. It was impossible to arbitrate under the rules of AGVA for there were no such rules, no machinery for arbitration provided. The exception having fallen of its own weight, the contract requires arbitration under AAA rules and this was done strictly in conformity with the same. To say, as appellants' counsel do, that the

arbitration had to be conducted by AGVA in accordance with AAA rules would be to defeat the arbitration entirely and to subvert the real intention of the contract.

Appellants' counsel conceded in the trial court that the question of their jurisdiction was not submitted to the arbitrators and that the issue of jurisdiction was not raised during the course of the arbitration proceedings. It is contended that "at the time of the commencement of the arbitration proceeding appellants reiterated a reservation of all defenses of a jurisdictional or procedural nature." The transcript of the arbitration proceeding is not before us, and the record indicates that no evidence was offered in the trial court in this respect—only argument of counsel.

The language of *Dugan* v. *Phillips, supra,* 77 Cal.App. 268, 276, is pertinent here: "He appeared before the committee and presented his side of the controversy. Had the award been in his favor he doubtless would have insisted that the plaintiff was bound by it. A party cannot be allowed thus to speculate upon the action of the arbitrators and then refuse to be bound by an adverse award. 'Participation in the arbitration proceedings is of itself evidence of the party's prior agreement to submit.' "

We conclude that the trial court properly construed this contract, and agree with its implied finding that there was jurisdiction in the AAA to handle this arbitration. By their execution of the contract the parties conferred jurisdiction upon arbitrators to be appointed in accordance with the rules of the AAA; and, as stated in section 3 of the AAA Rules, "they thereby constitute the American Arbitration Association the Administrator of the arbitration."

Other points raised by counsel require no discussion other than the observation that they relate merely to procedure and that the rules stated in *Pacific Vegetable Oil Corp.* v. *C.S.T., Ltd.,* 29 Cal.2d 228, 240, 241 [174 P.2d 441], are applicable: "In order that the claimed departure from the usual procedure be held to amount to misconduct of the arbitrators sufficient to vacate the award it must be shown that such departure had prejudiced the rights of the buyer. (Code Civ. Proc., § 1288(c).) . . . Furthermore, arbitrators are not bound by strict adherence to legal procedure and to the rules on the admission of evidence expected in judicial trials. (*In re Connor,* 128 Cal. 279 [60 P. 862].) Such a requirement

would tend to defeat the object of the arbitration proceeding.'' (See also 6 C.J.S. § 69a, p. 209.) No prejudice is shown here. Judgment affirmed.

Fox, P. J., and McMurray, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.