[No. 59-40598-3. Division Three. February 24, 1970.]

MARTIN-MORRIS AGENCY, INC., *Respondent,* v. EVERETT MIETZNER *et al., Appellants.*

*Randolph S. Palmer,* for appellants.

*James D. Kendall,* for respondent.

EVANS, C. J.—Defendants Mietzner appeal from a judgment confirming the award of an arbitration committee granting plaintiff Martin-Morris 40 per cent of a real estate commision.

Both parties are realtors. Plaintiff, Martin-Morris, brought this action, claiming that the parties had entered into an agreement to split a real estate commission from

the sale of farm property on the basis of 40 per cent to the plaintiff and 60 per cent to the defendants. Defendants appeared in the action through their attorney, Randolph S. Palmer, and thereafter the parties, through their attorneys, reached an agreement that the disposition of the case should be by arbitration. A stipulation and agreement to arbitrate was formally entered into between the parties, by their respective attorneys, which provided:

that said Arbitration Committee shall hear evidence in support of the respective claims of the parties; shall receive copies of all depositions taken in connection with this dispute; shall make such investigation as said Arbitration Committee shall deem necessary; and shall render an award in writing in accordance with existing Statutes.

It was also provided that "this Stipulation and Agreement is entered into in accordance with the provisions of R.C.W. 7.04.010, etc."

Plaintiff's attorney, James D. Kendall, forwarded the stipulation and agreement to the chairman of the arbitration committee, with the following letter of transmittal:

February 15, 1968
Mr. E. Roy Mundy, Chairman
Grant County Board of Realtors
Arbitration Committee
c/o Mundy Realty
106 First N.W.
Ephrata, Washington 98823
Re: Martin-Morris Agency, Inc. vs. Everett Mietzner d/b/a Ev Mietzner & Associates

Dear Roy:

Enclosed you will find a copy of the Stipulation and Agreement to Arbitrate in connection with the above-captioned matter.

You will note that the second paragraph on page two provides that each party will submit their respective claims and contentions within 15 days from the date of the agreement, namely, February 15, 1968.

I enclose a copy of Plaintiff's amended complaint, which fully sets forth and contains the claims and contentions of Martin-Morris Agency, Inc. It is my understanding

that Mr. Palmer will send you the answer and/or contentions of Everett Mietzner.

A [sic] sworn testimony of Everett Mietzner and Don Bodenman has been taken by deposition and these will be furnished to you. In addition, on Thursday, February 22, 1968, the depositions of Jerry Morris, Ed Ker and Ken Scott (the later two being the purchasers) and Penny Fulleton (the seller) will be taken at my office and as soon as they have been transcribed by Jay Anderson, these likewise, will be furnished to you. To the knowledge of Mr. Palmer and myself, these are the only other persons that have any knowledge that could shed any light on this matter.

Mr. Palmer and I will be agreeable in proceeding in any manner that you may desire and will certainly cooperate with you in every respect. It is our suggestion that after you have received all the depositions, you conduct the arbitration in whatever manner you deem proper and sufficient, but without the involvement of any attorney except for the limited purposes of appearing for you to make what would be in the matter of a final argument, after you have completed your investigation.

If you or the committee have any questions of Mr. Palmer or myself, please do not hestitate to contact us.

Very truly yours,

/s/ Jim Kendall

JAMES D. KENDALL

JDK: am

Enclosures

cc:    Mr. Randolph Palmer
       Martin-Morris Agency, Inc.

A copy of the above letter was sent to and received by defendants' attorney, Mr. Palmer. The complaint, answer and all depositions referred to in paragraph four of the letter were furnished to the arbitration committee.

Thereafter, the arbitration committee decided in plaintiff's favor, and sent a letter, signed by the chairman, to plaintiff's counsel. Counsel for the defendants moved the committee for a rehearing; which was denied. Thereafter, defendants petitioned the superior court to vacate the award, alleging that the committee exceeded its power in

making the award without a hearing and without taking oral testimony.

Defendants assign as error the court's finding of fact:

IV.

That the Stipulation to arbitrate in accordance with the provisions of R.C.W. 7.04.010 superseded the by-laws of the Grant County Board of Realtors.

We find no merit to this assignment of error. If the parties had desired to submit to arbitration in accordance with the bylaws of the local realty board they could have so provided. Instead, the stipulation specifically provides that it is entered into in accordance with the provisions of RCW 7.04.010 *et seq.*

Defendants assign as error the following findings of fact made by the trial court:

III.

That the Grant County Real Estate Board's Arbitration Committee conducted arbitration proceedings in accordance with said Stipulation and said Arbitration Committee rendered its decision in writing on April 12, 1968, the decision being "that the Plaintiff should be awarded a real estate commission in the amount of FIVE THOUSAND EIGHT HUNDRED TWO AND NO/100 DOLLARS ($5,802.00)."

V.

That in view of the fact that said Arbitration Committee had before it, and considered, the sworn testimony of all parties and all known witnesses, in the form of depositions, that said Arbitration Committee was not required to hear additional oral testimony.

VI.

That said Arbitration Committee was authorized by the parties to proceed in the conduct of the arbitration "in any manner that you may desire".

In considering the rights of the parties in arbitration proceedings it is noted that RCW 7.04.070 provides that the arbitrators shall appoint a time and place for the hearing and notify the parties thereof; all the arbitrators shall meet and act together during the hearings, and a majority of them may determine any question and render a final award.

As stated in *Puget Sound Bridge & Dredg. Co. v. Lake Washington Shipyards,* 1 Wn.2d 401, 96 P.2d 257 (1939),

An arbitration proceeding is judicial in nature, and its basic requisite, like that of all English and American jurisprudence, is that persons whose rights and obligations are affected thereby have an absolute right to be heard and to present their evidence, after reasonable notice of the time and place of the hearing.

■ The crucial question in the present case, however, is not whether the defendants had a right to be heard and present their evidence after notice of a hearing. It is whether the defendants waived that right. In this connection, our Supreme Court, in the *Lake Washington* case, *supra,* at pages 409 and 410, stated:

In connection with what we have thus far said, it must be remembered that arbitration is the result of, and subject to, the agreement of the parties litigant. Since it is a matter of contract, the parties may determine between themselves, beforehand, what issues are to be decided and whether the evidence is to be taken upon a hearing in the presence of both parties or is to be obtained, in whole or in part, through an informal inquiry by the arbitrators. If the agreement makes no specific provision in that respect, then under the statute, as we interpret it, the hearing must be had in the presence of both parties, so that each may have a full hearing upon the claim presented by himself and likewise upon the claim of his adversary. If, however, the parties agree, or consent, to the reception of evidence *ex parte* or through informal inquiry and investigation, they cannot thereafter be heard to say, as to such evidence, that they have not had their day in court.

Complementary to this absolute right to be heard, to which the parties are entitled in arbitration proceedings, is the right, found in the doctrine of waiver, to excuse its performance. That doctrine is one of the most familiar in the law, is of general application, and extends to rights and privileges of every character.

A right which one may enforce or insist upon, he may also repudiate or relinquish. Although the relinquishment must be voluntary and intentional, it may be either express or implied. It may arise from an express declara-

tion of an intention not to claim the right, or it may be the result of acts or conduct which are inconsistent with the continued assertion of the right in question. The authorities cited above recognize the application of this doctrine to matters pertaining to the rights of persons concerned in arbitration proceedings. This court, in common with all others, has recognized it. *Brown's Executors v. Farnandis,* 27 Wash. 232, 67 Pac. 574. It follows, of course, that, if a person has waived a right, he cannot be said to have been legally deprived of it.

It is plaintiff's contention that if a formal hearing of which the defendants had notice was required, the defendants waived that right. With this contention we must agree. In the letter of Februray 15, 1968, which, under the circumstances, was in effect a letter from both counsel, the arbitrators were told that they would be furnished with the respective claims of the parties, in writing, that they would be furnished with the sworn testimony of the parties and witnesses in deposition form, that these depositions were of every person who could "shed any light upon this matter", and that counsel "will be agreeable in proceeding in any manner that you may desire . . . " Counsel suggested "that after you have received all the depositions, you conduct the arbitration in whatever manner you deem proper and sufficient . . ."

The only reasonable interpretation to be given to the letter of February 15 is that both counsel thereby voluntarily expressed an intention to waive and relinquish their right to be heard and present additional evidence at a hearing after notice. The language used expresses a clear intention that the decision of the arbitration committee be based upon the pleadings and depositions submitted to them. Defendants cannot be heard to say that they have not had their day in court. As stated in *Lake Washington, supra,* "if a person has waived a right, he cannot be said to have been legally deprived of it."

By the letter of February 15, both counsel indicated to the arbitration committee that everything necessary to a full decision of the controversy was being submitting to

them in the form of the claims of the parties and the sworn depositions of all material witnesses.

A review of the record, including the depositions, convinces this court that the controversy was fully presented and that fair, impartial, and substantial justice was done.

Judgment is affirmed.

GREEN and MUNSON, JJ., concur.