[No. 178-3.  Division Three.  November 16, 1970.]

KEITH ADAMS & ASSOCIATES, INC., *Appellant*, v. DICK EDWARDS *et al.*, *Respondents.*

*D. Wayne Campbell* (of *Campbell & Johnston*), for appellant.

*Roger L. Olson* (of *Olson & Olson*), for respondent Edwards.

*John A. Wilkins* (of *Horton, Wilkins & Horton*), for respondent Tri-City Board of Realtors, Inc.

MUNSON, J.—Plaintiff, Keith Adams & Associates, Inc., appeals from a judgment confirming an arbitration award in favor of defendant Dick Edwards.

Defendant was employed by plaintiff as a real estate salesman when a dispute arose over the amount of a commission due on the sale of an apartment complex. The gross commission payable to plaintiff was $16,500 from which $1,500 was deducted for unusual expenses, leaving a net commission of $15,000. Plaintiff would usually apportion such a commission as follows: 50 per cent to the office, 15 per cent for the listing expense, and 35 per cent to the selling salesman. In this case, however, plaintiff believed its president, Keith Adams, had in fact been the selling salesman. Because defendant assisted in the sale, he was paid $2,388, *i.e.*, about 15.9 per cent of the commission.

Defendant and Keith Adams were members of the Tri-City Board of Realtors, Inc. Defendant, disagreeing with the amount of the commission he received, filed a complaint for arbitration of the dispute pursuant to the bylaws of defendant Tri-City Board of Realtors, Inc. Plaintiff promptly answered defendant's allegations in writing stating in substance defendant was not the selling salesman and the amount paid him was merely a gratuity.

A hearing was held before the Professional Standards Committee of the Tri-City Board of Realtors, Inc., sitting as the arbitrators. Both defendant Edwards and Keith Adams, president of plaintiff, were present. Formal findings were entered stating that defendant was the selling salesman and that plaintiff owed defendant a full 35 per cent of the commission, *i.e.*, an additional $2,861.

Thereafter, plaintiff attempted to appeal this decision to the board. However, since the arbitrators characterized the dispute between the parties as one concerning the amount

of commission due, such a dispute was not appealable under the board's bylaws.

It was not until after the arbitrators' initial determination that plaintiff, for the first time, sought the advice of legal counsel. After fruitless attempts to have the determination changed, plaintiff petitioned the superior court to vacate the award. Defendant answered, moved to dismiss plaintiff's petition and requested that the arbitration award be confirmed. At the close of plaintiff's case, the trial court granted both of defendant's motions. This appeal followed.

## I. Agreement to Submit to Arbitration

■ (A) Plaintiff contends there is no written agreement to submit the dispute to arbitration as required by RCW 7.04.010. Both defendant and plaintiff's president, in applying for membership with the Tri-City Board of Realtors, Inc., agreed to conform to the bylaws of the board which provided for the settlement of future disputes between members by arbitration. Keith Adams represented plaintiff in his corporate capacity as president, and also in his personal capacity as a broker-salesman in his membership in defendant board.

RCW 7.04.010 states, in part:

> Two or more parties may agree in writing to submit to arbitration, in conformity with the provisions of this chapter, any controversy which may be the subject of an action existing between them at the time of the agreement to submit, *or they may include in a written agreement a provision to settle by arbitration any controversy thereafter arising between them out of or in relation to such agreement.*

(Italics ours.) Agreements to submit future disputes to arbitration are valid. *Hanford Guards Union of America Local 21 v. General Elec. Co.,* 57 Wn.2d 491, 358 P.2d 307 (1961); 5 Am. Jur. 2d *Arbitration & Award* § 27, at 541 (1962).

In the instant case there was no separate agreement to submit this particular commission dispute to arbitration

prior to the filing of defendant's complaint. However, by requesting, and being granted, membership in defendant board, Keith Adams and defendant agreed to submit such disputes occurring in the future to arbitration.

■ (B) Plaintiff complains defendant failed to comply with RCW 7.04.040(1), authorizing an application to the court to compel arbitration. Such a procedure was unnecessary. Plaintiff voluntarily submitted to arbitration. We adopt the language of *Forrest v. Hotel Conquistador, Inc.,* 193 Cal. App. 2d 503, 14 Cal. Rptr. 349 (1961):

> The language of *Dugan v. Phillips, supra,* 77 Cal.App. 268, 276 [246 P. 566, 569], is pertinent here: "He appeared before the committee and presented his side of the controversy. Had the award been in his favor he doubtless would have insisted that the plaintiff was bound by it. *A party cannot be allowed thus to speculate upon the action of the arbitrators and then refuse to be bound by an adverse award. 'Participation in the arbitration proceedings is of itself evidence of the party's prior agreement to submit.'*"

(Italics ours.) This assignment is without merit.

### II. Agreements as to the Issue before the Arbitrators

Plaintiff contends there was no meeting of the minds as to what issue was submitted to the arbitrators, *i.e.,* whether defendant was the selling salesman, or the amount of commission defendant was entitled to, if any. Article 7, section 2, of the bylaws sets forth the procedure for handling commission disputes and denies any right of appeal. Article 7, section 3, of the bylaws provides the procedure for handling all other disputes and allows an appeal to defendant board. In this case, the two issues—selling salesman versus amount of commission—are so interrelated that it now makes little difference under which section of the bylaws the arbitrators made their decision. The arbitrators, as judges of both the law and the facts, *Northern State Constr. Co. v. Banchero,* 63 Wn.2d 245, 386 P.2d 625 (1963), based their decision upon section 2. We find no reason to overturn that determination.

### III.  Agreement to Abide the Arbitrators' Decision

Plaintiff claims there was no written agreement by them to abide by the arbitrators' decision pursuant to the board's bylaws. At the arbitration hearing, after Keith Adams answered defendant's complaint, he orally agreed to accept the decision. The quoted portion of *Forrest v. Hotel Conquistador, Inc., supra,* is applicable here. Not only was Mr. Adams a member of the board, but had been its president when the bylaws, of which he now complains, were adopted. He was certainly familiar with said bylaws. Having answered the complaint, appearing at the hearing, and orally agreeing to be bound by the arbitrators' decision constituted a waiver of this provision of the bylaws. *Cf. Martin-Morris Agency, Inc. v. Mietzner,* 1 Wn. App. 950, 465 P.2d 425 (1970).

### IV.  No Issue to be Arbitrated

Plaintiff contends there was nothing to arbitrate because of an accord and satisfaction between the parties. This contention is grounded upon the payment to and negotiation by defendant of plaintiff's check for $2,388, upon which was written: "Dunham Med Arts Blg. Inc. Full Comm." We disagree.

First, we are not convinced this issue was ever before the arbitrators. There is no indication the cancelled check, introduced as an exhibit in the trial court, was ever introduced during the arbitration hearing. Furthermore, the only indication of this defense is a statement in Mr. Adams' letter that Edwards had been paid $2,388. We do not have before us a transcription or statement of facts of the proceedings before the arbitrators. We have not been furnished a summary of the oral testimony, if any, given before the arbitrators on this point.

Second, from the record before us an accord and satisfaction has not been shown. In *Kibler v. Frank L. Garrett & Sons, Inc.,* 73 Wn.2d 523, 525-26, 439 P.2d 416 (1968) the rules governing the question of accord and satisfaction, as set forth in *Graham v. New York Life Ins. Co.,*

182 Wash. 612, 47 P.2d 1029 (1935), were reiterated. Two of the rules are applicable here:

(6) Generally speaking, when a debtor sends to his creditor a check in an amount that the debtor is willing to pay, and at the same time informs the creditor that the debtor intends the check to be considered as full payment, then, by accepting and cashing the check, the creditor agrees to the settlement and cannot thereafter seek additional compensation.

. . .

(8) . . . [However, this] rule [does not] apply where the debt or amount is liquidated or certain and due, unless there is a new consideration.

See also *Tonseth v. Serwold*, 22 Wn.2d 629, 157 P.2d 333 (1945); *Dodd v. Polack*, 63 Wn.2d 828, 389 P.2d 289 (1964).

Plaintiff admits the issue involved was whether or not defendant was the selling salesman. If he was not the selling salesman, the amount paid was only gratuity. If he was the selling salesman, the amount due was liquidated or undisputed, *i.e.*, 35 per cent of $15,000. Therefore, defendant's acceptance and negotiation of plaintiff's check, regardless of the notation thereon, is not sufficient for an accord and satisfaction.

## V. RCW 7.04 IS NOT EXCLUSIVE

Plaintiff contends because the board's bylaws do not provide for certain enumerated statutory rights, the entire proceeding is null and void. We disagree. Those rights not provided for in the bylaws are as follows: (a) stay of proceedings, RCW 7.04.040; (b) consideration of evidence in the absence of parties, RCW 7.04.080; (c) right to counsel, RCW 7.04.100; (d) right to subpoena witnesses, RCW 7.04.110; (e) right to take depositions, RCW 7.04.120; (f) right to a court's confirmation of the award, RCW 7.04.150; (g) vacation of an award, RCW 7.04.160; (h) modification or correction of award, RCW 7.04.170; and (i) right to appeal, RCW 7.04.220.

Excluding for the moment the question of right to counsel, the omissions set forth above, standing alone, are

insufficient to nullify the proceedings. Any of the arbitrating parties as an adjunct to the proceedings may waive certain statutory procedures. *Martin-Morris Agency, Inc. v. Mietzner, supra.*

Plaintiff further asserts that Mr. Adams' appearance at the hearing on April 11, 1969 was involuntary. It bases this assertion upon its interpretation of article 7, section 2 (C), of the board's bylaws claiming that said section provides if a party fails to appear the arbitrators must find against the absent party. This would be contrary to RCW 7.04.080, which states that the failure of a party to appear does not prohibit the arbitrators from proceeding to hear and determine the controversy upon the evidence before them. Plaintiff's interpretation of article 7, section 2 (C), of the bylaws is in error. That section states in part, if a party

> fails to file [a] written answer . . ., or shall fail or refuse to appear at the hearing when requested to do so without a reason satisfactory to the Committee, . . . such . . . failure [is] an admission of the justice of such complaint . . .

Notwithstanding this misinterpretation, Mr. Adams was present at the hearing representing plaintiff and there is nothing before us to indicate the arbitrators did anything other than consider the evidence then before them.

Taking the provisions in the order enumerated, there is no showing that plaintiff ever intended or sought to stay the proceedings. The record reflects defendant's complaint was filed on April 1, 1969; plaintiff's letter answering the complaint was dated April 7, 1969 and received April 9, 1969; the hearing was held April 11, 1969 and the decision rendered April 14, 1969. There is no evidence before us that any stay was even discussed or considered much less sought and refused.

Likewise, there is nothing before us from which we could find that plaintiff ever intended, desired or sought to depose or subpoena any witnesses. There is no refusal of any such request in the record before us, or proposed by plaintiff's counsel either in his brief or in argument.

Those provisions dealing with modification, correction, vacation or confirmation of an award, as well as the right to appeal, are the very issues presented to this court. While the bylaws may not provide for such procedures and, in fact, state that any determination under article 7, section 2 thereof is final, plaintiff has not been restricted in proceeding in the superior court, nor in this court. Certainly plaintiff cannot claim to have been denied any substantive right because of the omission of these provisions in the bylaws. We find no prejudice resulting from these omissions of the statutory provisions for arbitration.

As to the right of counsel, the bylaws specifically deny a party the right to be represented by an attorney before its arbitrators. It is noted that plaintiff was represented by counsel in both courts of record before which he has appeared in this matter. In considering this issue, the trial court stated:

> The provision in the By-laws precluding the representation of counsel is in conflict with RCW 7.04.100. This conflict does not render the other provisions of the By-laws void. If RCW 7.04.100, assuring the right to be represented by counsel, was unknown to Mr. Adams, this was one of the unknown rights he forfeited when he elected to proceed without counsel. . . . [F]rom the testimony in the case, . . . it [is] reasonable to infer that Mr. Adams chose to arbitrate without benefit of legal counsel and that this would have been the choice had he been fully familiar with RCW 7.04.100.

Without affirming the trial court's comments pertaining to forfeiture or waiver, we have no reluctance to uphold the superior court on the basis that plaintiff "chose to arbitrate without benefit of legal counsel". Keith Adams had been in the real estate business for many years. He was president of plaintiff and had been president of the Tri-City Board of Realtors, Inc. In his letter of response to defendant's complaint he adeptly conveyed plaintiff's view regarding the unimportance of Edwards' participation in the sale. There is no indication plaintiff or its president consulted counsel before writing the letter; or that plaintiff ever requested

the arbitrators to allow it representation by legal counsel. If such a request was made, there is nothing to so indicate and no evidence it was refused. There is no showing that plaintiff did not seek counsel because of the bylaws' provisions. Consequently, plaintiff's voluntary election to proceed without counsel cannot now be urged as a ground for overturning the award. The right to counsel does not appear to have been an issue until plaintiff was the recipient of an adverse award. *Forrest v. Hotel Conquistador, Inc.,* 193 Cal. App. 2d 503, 14 Cal. Rptr. 349 (1961). We find no merit in plaintiff's assignments of error based upon RCW 7.04.

Lastly, we find no merit in plaintiff's contention that the award is erroneous on its face or manifestly unjust.

Judgment is affirmed.

EVANS, C. J., and GREEN, J., concur.