**SEA–LAND SERVICE, INC., Plaintiff,**

v.

**Ernest D. SHERMAN and Edward Sherman, a partnership d/b/a Pacific Plumbing Supply Co., Defendants.**

**No. C81–315B.**

United States District Court,
W. D. Washington.

Nov. 10, 1981.

Dwight L. Guy of Guy & Loosmore, Seattle, Wash., for plaintiff.

Lawrence Solomon of Hardwick & Conrad, Renton, Wash., for defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

BEEKS, Senior District Judge.

Plaintiff, Sea-Land, instituted this action to recover freight charges allegedly due from defendant for transporting plumbing materials from Washington to Alaska. Defendant answered claiming that Sea-Land's negotiation of its tendered check for $3,322.24 constituted an accord and satisfaction of the claimed total charge of $4,462.74. Sea-Land brings this motion for summary judgment to recover $1,130.50, the balance claimed due, plus interest and costs, although mathematically the balance due is actually $1,140.50.

The law is well-settled that a carrier must charge rates in accordance with legally required and filed tariffs, and that even a misquotation by the carrier or its agent of proposed charges will not preclude subsequently seeking the proper charge calculated with reference to its tariff schedules. *New York Cent. & H.R.R. Co. v. York & Whitney,* 256 U.S. 406, 41 S.Ct. 509, 65 L.Ed. 1016 (1921); *Louisville & Nashville R.R. Co. v. Maxwell,* 237 U.S. 94, 35 S.Ct. 494, 59 L.Ed. 853 (1915); *Locust Cartage Co. v. Transamerica Freight,* 430 F.2d 334 (1st Cir. 1970). *Accord, Las Cruces TV Cable v. F.C.C.,* 645 F.2d 1041 (D.C.Cir. 1981). While in certain situations the required application of this rule may have harsh consequences, such is the price of assuring the continued integrity of the tariff system. As noted by the United States Supreme Court,

> [n]either the intentional or accidental misstatement of the applicable published rate will bind the carrier or the shipper. The lawful rate is that which the carrier must exact and that which the shipper must pay. The shipper's knowledge of the lawful rate is conclusively presumed .... It was the purpose of the act to have but one rate, open to all alike, and from which there could be no departure.

237 U.S. at 98, 35 S.Ct. at 496 (citations omitted). Sea-Land's charge of $4,462.74 was proper.

This is a liquidated debt established by duly filed tariffs. Hence, defendants' claim of accord and satisfaction is without merit. *Keith Adams & Assocs. v. Edwards*, 3 Wash.App. 623, 477 P.2d 36 (1970).

Accordingly, the motion for summary judgment is granted.