**SEA–LAND SERVICE, INC., Plaintiff,**

v.

**AMERICAN INTERNATIONAL MOVERS, INC., Defendant.**

**No. C81–316B.**

United States District Court, W. D. Washington.

Nov. 12, 1981.

Dwight L. Guy of Guy & Loosmore, Seattle, Wash., for plaintiff.

Andrew D. Shafer of Hart, Allison, Davis & Baldwin, Seattle, Wash., for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BEEKS, Senior District Judge.

Plaintiff, Sea-Land, seeks to recover freight allegedly due for shipment of cargo from Seattle to Helsinki. Sea-Land claims a balance due and owing of $1,137.40 on freight charges of $4,541.08 set forth in B/L # 992 755922. The printed terms provide,

CUBE UTILIZED: 54% OF TOTAL CONTAINER

Cont. No. SEAU301704

SHIPPER'S LOAD & COUNT

Handwritten terms indicate cargo volume of 32.02 cubic meters, upon which charges for ocean freight, and an arbitrary, currency and bunker surcharges and a container yard terminal charge were computed. On November 18, defendant American International Movers, Inc. tendered to plaintiff a check in the amount of $3,403.68.

American answered the summons and complaint admitting that the above transaction was consummated under the above-described B/L and offered the affirmative defense of accord and satisfaction, alleging that Sea-Land is barred from bringing the instant action because it negotiated the check for $3,403.68. Defendant offered no other grounds of avoidance.

Sea-Land now moves this court for an order granting summary judgment, maintaining that the B/L constituted a contract of carriage, as admitted by defendant, and that based upon the terms therein, charges were properly calculated for the shipment pursuant to Pacific Coast European Conference Tariff schedules.

American, in opposition to this motion, asserts that, in fact, no agent or employee of the shipper included the above-referenced "CUBE UTILIZED" notation. American, at this late date, offers that "apparently, the notation had been added after American International Movers had prepared a portion, but not all, of the B/L."

This belated claim appears to be an afterthought to belatedly contradict the terms of the contract which defendant has previously admitted. This is not only a violation of the parol evidence rule but not within the issues framed by the pleadings.

Further, the timing of this assertion provides its rejection. The claim that this crucial term of the contract was not entered by the shipper not only is contrary to defendant's admission of the contract but is also a matter constituting an avoidance or affirmative defense that must be set forth affirmatively in defendant's answer. F.R. C.P. 8(c). The legal effect of this failure to plead was a waiver of the defense, and American cannot revive its availability unless relieved from its default. *Roe v. Sears, Roebuck & Co.*, 132 F.2d 829 (7th Cir. 1943). American sought no such relief.

Finally, defendant American asserts that by negotiating the check tendered, Sea-Land lost its right to pursue the alleged balance at issue herein. This claim has no merit in this case as the balance claimed due by Sea-Land is a liquidated claim based upon legally required and filed tariff rates. *Keith Adams & Assocs. v. Edwards*, 3 Wash.App. 623, 477 P.2d 36 (1970). Despite American's insistence that some agent of Sea-Land quoted a rate less than that now demanded, the proof conclusively establishes that proper charges were made through a correct application of Pacific Coast European Conference Tariff schedules. The law is well-settled that a carrier must charge rates in accordance with filed tariffs, and that even a misquota-

tion by the carrier or its agent of proposed shipment charges will not preclude later action for the proper freight charge, which is mandatory. *New York Cent. & H.R.R. Co. v. York & Whitney*, 256 U.S. 406, 41 S.Ct. 509, 65 L.Ed. 1016 (1915); *Las Cruces TV Cable v. F.C.C.*, 645 F.2d 1041 (D.C.Cir. 1981).

 The contract at bar contains a shipper's designation of "CUBE UTI-LIZED: 54% OF TOTAL CONTAINER." Plaintiff carrier was entitled to rely on that designation. 46 U.S.C. §§ 1303(3)(b), (5). Plaintiff's evidence establishes that the volume of Sea-Land container SEAU301704 is 2099 cubic meters. The evidence also conclusively establishes that proper charges were calculated by plaintiff, based upon that cargo volume, in accordance with filed tariffs. Finally, defendant admits that only $3,403.68 of the freight billed was paid. This leaves a balance properly due and owing of $1,137.40, plus interest at the rate of 12%. 28 U.S.C. § 1961 (Supp.1980). There is no statutory authority for awarding attorney's fees in circumstances here recited, *see Vaughan v. Atkinson*, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962), and this court declines to engage in judicial legislation. Hence, attorney's fees are disallowed.

Accordingly, the motion for summary judgment is granted.