[No. 19008-1-III.   Division Three.   December 28, 2000.]

ERA SUN RIVER REALTY, INC., *Appellant*, v. TRI CITY
ASSOCIATION OF REALTORS, INC., ET AL., *Respondents*.

*Lucinda J. Luke* (of *Cowan Walker, P.S.*), for appellant.
*Francois X. Forgette* (of *Rettig, Osborne, Forgette,*

*O'Donnell, Iller & Adamson, L.L.P.*) and *Timothy W. Mahoney*, for respondents.

SCHULTHEIS, J. — During arbitration to resolve a dispute between ERA Sun River Realty, Inc., and Century 21 Town and Country Real Estate, Inc., ERA tried unsuccessfully to get two witnesses to attend and testify. After the arbitrators ruled in favor of Century 21, ERA protested that it had been denied the right to subpoena the missing witnesses pursuant to RCW 7.04.110. On appeal of the summary judgment order dismissing its petition to vacate the arbitration award, it contends the arbitration process authorized subpoenas of witnesses, it was led to believe it did not have the right to subpoena, and accordingly it did not knowingly waive that right. We disagree and affirm.

Because this is a review of a summary judgment, we consider the testimony and evidence in the light most favorable to ERA, the nonmoving party. *Hertog v. City of Seattle*, 138 Wn.2d 265, 275, 979 P.2d 400 (1999). In March and April 1998, Karen Southam of Century 21 showed a condominium to Jay and Coleen Varvel. Kris Houston of ERA had listed the condominium. Eventually the Varvels told Ms. Southam they had decided to build a condominium and they offered to contact her later about listing their current home for sale.

Later in April, the Varvels contacted Ms. Houston with questions about the condominium. They asked her to prepare an offer. When Ms. Houston offered to have Ms. Southam prepare the offer, the Varvels declined and said they wanted Ms. Houston to represent them. The offer written by Ms. Houston was accepted and ERA received a commission of $7,230 for its role as the selling agent. ERA also received $7,230 as the listing agent.

When Ms. Southam discovered that the Varvels had

bought the condominium through ERA, she and Century 21 filed a request to arbitrate through the Tri-City Association of Realtors (Association). Both ERA and Century 21 belong to the Association, which enforces bylaws that require mandatory arbitration to settle disputes such as entitlement to commissions. In the "Request and Agreement to Arbitrate," ERA was notified that "[e]ach party shall arrange for his witnesses to be present at the time and place designated for the hearing." The parties were also advised in writing that they were entitled to be represented by counsel.

An arbitration hearing was set for September 10, 1998, before a panel of arbitrators. The official notice of this hearing reiterated that the parties were responsible for arranging witnesses. Each party also received an outline of the arbitration hearing procedures. Under a heading entitled "Due process procedure," the parties were informed of their rights, including the right to present evidence and to call witnesses, the right to legal counsel, and the right to cross-examine.

ERA requested postponement of the first hearing because the Varvels appeared to be out of town and ERA had not yet obtained signed statements from them. It soon became clear that the Varvels did not want to participate in the arbitration and would not provide written statements. ERA asked the Association's vice president, Larry Miller, how it could get the Varvels' story before the panel. Mr. Miller, who had offered to answer the parties' procedural questions, had no solution.

When the arbitration hearing was held in late September 1998, Dan Houston of ERA told the panel it was unfortunate that the Varvels would not attend. He explained that the couple were older, somewhat unwell, and did not want the added "hassle" of the arbitration. Neither party was represented by counsel at arbitration. Ms. Houston and Ms. Southam testified, giving somewhat contradictory accounts of what the Varvels had told them and had asked them to do. At the end of the proceedings, the parties were asked

whether the hearing was conducted fairly and whether they had adequate opportunity to testify, to present evidence and witnesses, and to conduct cross-examination. Each party answered "yes" without reservation. The arbitrators awarded $7,230 to Century 21 for the selling commission.

ERA filed a request for procedural review, contending it was denied a proper hearing because it was not allowed to subpoena the Varvels. Before the review was held, Mr. Miller contacted an administrator with the state association of Realtors and asked whether the Association arbitrators had the power, under RCW 7.04.110, to subpoena the public. Counsel for the state association replied that the arbitration panel did not have subpoena powers. After the procedural review appeal hearing, the Association affirmed the arbitration award. ERA then filed a petition in superior court to vacate the arbitration award. Motions for summary judgment filed by Century 21 and the Association for dismissal of the petition were granted and this appeal followed.

ERA contends it was denied its statutory right to compel material witnesses to testify at arbitration. It argues that the Association's arbitration procedure implicitly provides it a right to subpoena pursuant to RCW 7.04.110. While ERA admits that the arbitration manual does not specifically include subpoena powers, it notes that the manual directs the Association to establish arbitration procedures consistent with applicable state law. Because RCW 7.04.110 provides that arbitrators may require any person to attend as a witness, ERA argues, application of state law would have allowed it to subpoena the Varvels.

■ Arbitration is a contractual remedy that provides extrajudicial means for resolving disputes. *Thorgaard Plumbing & Heating Co. v. King County*, 71 Wn.2d 126, 131, 426 P.2d 828 (1967). Generally, Washington courts have held that in the arena of arbitration, due process guarantees the right to be heard and to present evidence, after reasonable notice of the time and place of the arbitration hearing. *Grays Harbor County v. Williamson*, 96 Wn.2d

147, 152-53, 634 P.2d 296 (1981). When dealing with the actual nature of an arbitration proceeding, however, the courts have recognized that arbitration is not, strictly speaking, judicial; rather, it is a substitute for judicial action employed to reach settlement of controversies. *Id.* at 153. "In short, the very purpose of arbitration is to avoid courts and the formalities, the delay, the expense and the vexation of ordinary litigation." *Id.*

██ ██ RCW 7.04.110 provides that the arbitrators may require any person to attend as a witness, and authorizes the arbitrators to issue subpoenas to compel the attendance of a witness. Independent of statutory law, the parties to an arbitration proceeding have an absolute right to present evidence to the board unless that right is obviated by statute, agreement, or waiver. *Tombs v. N.W. Airlines*, 83 Wn.2d 157, 161, 516 P.2d 1028 (1973). If a board's bylaws do not provide for certain statutory rights under chapter 7.04 RCW, the arbitration is not necessarily flawed. *Keith Adams & Assocs. v. Edwards*, 3 Wn. App. 623, 628-29, 477 P.2d 36 (1970). Any of the parties may waive particular statutory procedures. *Id.* at 629.

In this case, the Association's arbitration manual does not specifically include the right to subpoena witnesses pursuant to RCW 7.04.110. This right cannot be implied by the inclusion of other chapter 7.04 RCW statutory procedures. Rather than adopt chapter 7.04 RCW verbatim, the manual refers to conformance with "applicable state law." This state law includes, of course, cases such as *Keith Adams* and *Tombs*, which allow the parties to waive particular statutory procedures. ERA was guaranteed the right to counsel and to arrange for the attendance of witnesses. If it felt that it had a right under RCW 7.04.110 to subpoena the Varvels, it had the responsibility to raise that issue either before or during arbitration. Its reliance on Mr. Miller's opinion that the Varvels could not be compelled to attend was misplaced. Mr. Miller was not legal counsel, and ERA does not claim that Mr. Miller acted as its agent or that he breached a legal duty owed to ERA.

In summary, by failing to request a subpoena, by voluntarily electing to proceed without the Varvels, and by stipulating that it had a fair hearing with adequate opportunity to present evidence and witnesses, ERA effectively waived any right it may have had to subpoena the Varvels. Further, its acceptance—by membership in the Association—of the procedures in the arbitration manual indicates this right had already been waived. *Keith Adams*, 3 Wn. App. at 628-29.

Affirmed.

KURTZ, C.J., and KATO, J., concur.

Review denied at 143 Wn.2d 1016 (2001).