246 P.3d 785 (2011)
170 Wash.2d 768
OPTIMER INTERNATIONAL, INC., Petitioner,
v.
RP BELLEVUE, LLC, Respondent.
No. 83807-1.
Supreme Court of Washington, En Banc.
Argued November 18, 2010.
Decided January 13, 2011.
*786 Craig Steven Sternberg, Aaron Scott Okrent, Sternberg Thomson Okrent & Scher, P.L.L.C., Seattle, WA, for Petitioner/Appellant.
Paul Edward Brain, Brain Law Firm, P.L.L.C., Tacoma, WA, for Respondent.
OWENS, J.
¶ 1 This case centers on an arbitration agreement contained in a lease between a landlord, RP Bellevue, LLC, and its commercial tenant, Optimer International, Inc. Pursuant to that lease, Optimer sought to arbitrate a dispute with RP Bellevue. Dissatisfied with the result of that arbitration, RP Bellevue sought review of the arbitration award in superior court. The superior court dismissed the case based on its determination that the parties had validly waived any judicial review of the arbitration award. We hold that the lease does not validly waive the judicial review of an arbitration award provided for by statute.

FACTS
¶ 2 Optimer operates three retail establishments on the second floor of the Bellevue Galleria, which is currently owned by RP Bellevue. On September 25, 1997, Optimer entered into a lease with RP Bellevue's predecessor in interest. That lease provides that disputes arising between the parties are to "be resolved by single-arbitrator arbitration" and that "[t]he decision of the Arbitrator shall be final and non-appealable and enforceable in any court of competent jurisdiction." Clerk's Papers (CP) at 78-79. At that time, arbitration in Washington was governed by the Washington arbitration act (WAA), former ch. 7.04 RCW, repealed by Laws of 2005, ch. 433, § 50. In 2005, the legislature repealed the WAA and adopted the revised uniform arbitration act (RUAA), Laws of 2005, ch. 433 (codified as ch. 7.04A RCW).
¶ 3 On April 30, 2008, Optimer submitted a demand for arbitration, alleging that RP Bellevue had violated the lease. The arbitrator ultimately found that RP Bellevue had violated certain lease provisions and awarded Optimer nominal damages as well as attorney fees and costs. RP Bellevue sought review of the arbitration award in King County Superior Court, alleging that the arbitrator had exceeded his authority. The WAA permitted limited judicial review of arbitration awards in former RCW 7.04.150 (1982), .160-.170 (1943). The superior court denied RP Bellevue's motion to vacate or modify the award, finding that
under Harvey v. University of Washington, 118 Wash.App. 315, 76 P.3d 276 (2003), the parties may waive the right to appeal; and that the provisions of Paragraph 28.11 of the Lease that the arbitrator's decision is "final and nonappealable and enforceable" constitute a voluntary and knowing waiver of judicial review under RCW 7.04A.010 et seq. and therefore there is no right to appeal.
CP at 291. RP Bellevue appealed the superior court's decision to the Court of Appeals.
¶ 4 At the Court of Appeals, RP Bellevue argued that parties cannot waive the limited right of review of arbitration awards in superior court, citing to Godfrey v. Hartford Casualty Insurance Co., 142 Wash.2d 885, 16 P.3d 617 (2001), and Barnett v. Hicks, 119 Wash.2d 151, 829 P.2d 1087 (1992). Godfrey and Barnett were both decided prior to this state's 2005 adoption of the RUAA. At oral argument, the Court of Appeals raised, for the first time, the question of whether the RUAA prohibits parties from waiving the limited review provided for in the act. Optimer Int'l, Inc. v. RP Bellevue, LLC, 151 Wash.App. 954, 960-61, 214 P.3d 954 (2009). The Court of Appeals also asked whether such a prohibition would violate the contract clause of the Washington Constitution. Id. at 961, 214 P.3d 954; see also Wash. Const. art. I, § 23. After the parties submitted supplemental briefing, the Court of Appeals held that the RUAA applied to the contract and prohibited waiver of judicial review and that this was constitutional. Optimer, 151 Wash.App. at 963-64, 971, 214 P.3d 954. The Court of Appeals also denied both parties' requests for attorney fees and costs on appeal *787 as premature. Id. at 971-72, 214 P.3d 954.

ISSUES
¶ 5 1. Does the lease validly waive judicial review of an arbitration award?
¶ 6 2. Should either party be awarded attorney fees and costs?

ANALYSIS

A. Standard of Review
¶ 7 Interpretation of constitutional provisions, statutes, and court rules is a question of law, which this court reviews de novo. Burt v. Dep't of Corr., 168 Wash.2d 828, 832, 231 P.3d 191 (2010) (rules); Fed. Way Sch. Dist. No. 210 v. State, 167 Wash.2d 514, 523, 219 P.3d 941 (2009) (constitutional provisions); City of Seattle v. Winebrenner, 167 Wash.2d 451, 456, 219 P.3d 686 (2009) (statutes).

B. The Parties' Lease Does Not Validly Waive Judicial Review
¶ 8 Optimer asserts that its lease waives any judicial review of an arbitration award. We need not definitively interpret the contract to determine that such a reading is untenable. We also do not need to apply the RUAA, which would necessitate analysis under the contract clause of the Washington Constitution. Cf. State v. Speaks, 119 Wash.2d 204, 207, 829 P.2d 1096 (1992) ("If it is not necessary to reach a constitutional question, it is well established policy that we should decline to do so."). Instead, we can resolve this case solely by reference to the law in effect at the time the lease was drafted and what the lease could not have meant.
¶ 9 At the time the lease at issue here was drafted and took effect, arbitration was governed by the WAA. The WAA allowed for limited judicial review in the superior court to confirm, vacate, modify, or correct arbitration awards based upon statutorily enumerated grounds. Former RCW 7.04.150-.170. Parties were prohibited from altering these boundaries of review.[1]See Godfrey, 142 Wash.2d at 896, 16 P.3d 617 ("[A]ny efforts to alter the fundamental provisions of the Act by agreement are inoperative."); Barnett, 119 Wash.2d at 161, 829 P.2d 1087 ("Litigants cannot . . . create their own boundaries of review."). This is because arbitration in Washington is solely a creature of statute; common law arbitration does not exist. See, e.g., Godfrey, 142 Wash.2d at 893, 16 P.3d 617 ("arbitration in Washington is exclusively statutory"); Dickie Mfg. Co. v. Sound Constr. & Eng'g Co., 92 Wash. 316, 318, 159 P. 129 (1916) ("common law arbitration does not exist in this state").
¶ 10 While both Barnett and Godfrey involved agreements purporting to expand the availability of judicial review of arbitration awards, Godfrey, 142 Wash.2d at 890, 16 P.3d 617; Barnett, 119 Wash.2d at 160, 829 P.2d 1087, the reasoning in both cases applies equally to expansions or contractions of such judicial review. As the Court of Appeals below astutely noted, Godfrey disapproved Keith Adams & Associates v. Edwards, 3 Wash.App. 623, 477 P.2d 36 (1970), to the extent it "purport[ed] to permit the parties to an arbitration agreement to fundamentally alter the provisions of [the WAA] by agreement." Godfrey, 142 Wash.2d at 897 n. 8, 16 P.3d 617. One of the fundamental alterations at issue in Keith Adams was waiver of the right to seek vacation, modification, or correction of an arbitration award in the superior court. Keith Adams, 3 Wash. App. at 628, 477 P.2d 36. The Keith Adams court's approval of this waiver of judicial review was disapproved by the Godfrey decision. This makes plain that, under the WAA, parties were not free to either enlarge or diminish judicial review of arbitration awards established by statute. Rather, parties entering into arbitration agreements agreed to arbitrate subject to the statutory review provisions.
¶ 11 Because the WAA prohibited waiver of the judicial review established by statute, we need not definitively interpret the contractual *788 language providing that arbitration awards are "final and non-appealable and enforceable." CP at 79. It is enough to say that, under the WAA, that language could not have been given the legal effect Optimer urges. The provision must either have some other meaning, cf. Margola Assocs. v. City of Seattle, 121 Wash.2d 625, 653, 854 P.2d 23 (1993) ("[C]ontracting parties are generally deemed to have relied on existing state law pertaining to interpretation and enforcement."), or it was void at its inception. What the language does not do is prohibit the judicial review provided for in the governing arbitration act. As a result, the superior court erred in dismissing RP Bellevue's motion to vacate the arbitration award.
¶ 12 Finally, we must briefly address the superior court's reliance on Harvey, 118 Wash.App. 315, 76 P.3d 276. Sixteen months after filing suit, the parties in Harvey entered into an agreement providing for a private trial and waiving any appeal from the arbitrator's decision. Id. at 316-17, 76 P.3d 276. The Court of Appeals approved of this waiver, finding that "[t]here is nothing in Washington law prohibiting a party from waiving the right to appeal an arbitration award," specifically including the WAA. Id. at 320-21, 76 P.3d 276. It attempted to distinguish Godfrey and Barnett on the basis that the parties in those cases had sought to expand judicial review of arbitration awards while the parties in Harvey sought to further limit judicial review. Id. As discussed above, however, this distinction is untenable. Harvey is therefore disapproved insofar as it suggests that parties may waive judicial review of arbitration awards under the WAA.

C. Neither Party Is Entitled to Attorney Fees or Expenses
¶ 13 Both RP Bellevue and Optimer have requested an award of attorney fees and expenses. There are two possible bases for such an award. First, RCW 7.04A.250(3) permits an award of attorney fees and expenses to a prevailing party in contested judicial proceedings to confirm, vacate, modify, or correct an arbitration award. Second, the lease between the parties provides for an award of reasonable attorney fees, costs, and expenses to "[t]he prevailing party in the proceeding." CP at 79.
¶ 14 Resolution of the issues before this court will not determine which party is the "prevailing party." The lease refers to the prevailing party in the overall arbitration proceedings; the statute refers, in this case, to the party that prevails on a motion to vacate. Neither will be determined until the superior court rules on RP Bellevue's motion to vacate the arbitration award. We therefore deny both parties' requests for attorney fees and costs as premature.

CONCLUSION
¶ 15 The lease between Optimer and RP Bellevue does not validly waive judicial review of an arbitration award. Accordingly, we affirm the judgment of the Court of Appeals and remand the matter to the superior court for further proceedings consistent with this opinion.
WE CONCUR: BARBARA A. MADSEN, Chief Justice, CHARLES W. JOHNSON, GERRY L. ALEXANDER, TOM CHAMBERS, MARY E. FAIRHURST, JAMES M. JOHNSON, and DEBRA L. STEPHENS, Justices, and RICHARD B. SANDERS, Justice Pro Tem.
NOTES
[1] The RUAA makes this prohibition on waiver or variation of judicial review explicit. RCW 7.04A.040(3).